(No. 12723.—Judgment affirmed.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* HARRY A. DUBIA, Plaintiff in Error.

*Opinion filed October 27, 1919.*

1. CRIMINAL LAW—*what evidence of value of defendant's property is admissible on trial of insolvent banker.* On the trial of an insolvent banker under section 25a of the Criminal Code, evidence of the amount for which the property of certain bankrupt corporations was sold by the trustee in bankruptcy is admissible to enable the jury to determine the value of the defendant's property, where defendant was sole owner of the capital stock of said corporations.

2. SAME—*when banker is presumed to have known he was insolvent.* Where a banker is being prosecuted for receiving a deposit while insolvent, and it is proved that he was insolvent when the deposit was received, had been insolvent for some time and closed his bank a few hours after receiving the deposit, it is to be presumed that he knew he was insolvent.

3. SAME—*questions not presented to Appellate Court cannot be raised in Supreme Court.* The Supreme Court reviews the judgment of the Appellate Court on the questions presented to that court, and questions not so presented cannot be raised for the first time in the Supreme Court.

4. SAME—*money accepted as deposit by insolvent banker need not be described if value is alleged and proved.* On the trial of an insolvent banker under section 25a of the Criminal Code it is necessary to allege and prove the fact that money was deposited and its value, but if value is alleged a more specific description of the money is not necessary, and proof that the receiving teller accepted the money as a deposit and gave credit for it as currency is sufficient, although the indictment alleges the particular kinds and denominations of the currency.

5. SAME—*evidence of collection of checks accepted as a deposit by insolvent banker is not necessary.* On the trial of a banker charged with receiving deposits while insolvent, where the money was deposited in the form of checks, which were accepted and credited as currency by the receiving teller, it is not necessary to prove that the checks were collected.

6. SAME—*jury may decide upon punishment by imprisonment for violation of section 25a of Criminal Code.* The jury, in finding an insolvent banker guilty under section 25a of the Criminal Code, may determine that the defendant shall be punished by imprisonment in the penitentiary in addition to the fine prescribed by statute.

· 7. SAME—*section 6 of division 14 of the Criminal Code applies where jury decides upon punishment by imprisonment.* Section 6 of division 14 of the Criminal Code, providing that the jury shall fix the term of imprisonment, applies to cases where the jury decides upon imprisonment in the penitentiary as punishment for the crime and is not limited to cases where the law fixes such punishment as a necessary result of conviction.

8. BANKS—*what is meant by currency.* Currency in United States money includes bank bills or other paper money issued by authority and which passes as and for coin.

9. SAME—*checks are prima facie of the value for which drawn.* Checks drawn against deposits of money and accepted by a bank as a deposit for their face value are *prima facie* of that value.

WRIT OF ERROR to the Second Branch Appellate Court for the First District;—heard in that court on writ of error to the Criminal Court of Cook county; the Hon. KICK-HAM SCANLAN, Judge, presiding.

JOHN S. HUMMER, and THOMAS F. DONOVAN, for plaintiff in error.

EDWARD J. BRUNDAGE, Attorney General, MACLAY HOYNE, State's Attorney, and SUMNER S. ANDERSON, (EDWARD E. WILSON, EDWIN J. RABER, and GROVER C. NIEMEYER, of counsel,) for the People.

· . Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

' Harry A. Dubia, plaintiff in error, conducted a private bank under the name "Industrial Savings Bank,—Campbell, Dubia & Co.," at 2007 Blue Island avenue, in the city of Chicago, from the year 1900 until four o'clock P. M. of September 21, 1916, when he instructed the cashier to close the bank and not to re-open it. About 2:30 o'clock in the afternoon of that day Joe Lory made a deposit amounting to $402.63, consisting of currency $225, gold $10, silver 91 cents, and eleven checks on Chicago banks aggregating $166.72, for which a credit was entered on his

bank book and on the bank account. The next day creditors filed a petition in the district court of the United States praying that plaintiff in error be adjudged a bankrupt and for the appointment of a receiver. After a hearing he was adjudged a bankrupt and the Central Trust Company of Illinois was appointed receiver and subsequently was appointed as trustee in bankruptcy and administered his estate. He was indicted in the criminal court of Cook county for a violation of section 25a of division 1 of the Criminal Code. Upon a trial he was found guilty, and by the verdict his punishment was fixed at imprisonment in the penitentiary for a term of three years and a fine of $805. The court imposed sentence in accordance with the verdict of the jury. He sued out a writ of error from the Appellate Court for the First District, and that court affirmed the judgment in all respects except as to the term of imprisonment, but as to it reversed the judgment and remanded the cause to the criminal court, with leave to the State's attorney to move for, and direction to the court to enter, a judgment making the sentence to the penitentiary indeterminate. He sued out a writ of error from this court to review the judgment of the Appellate Court.

The books of account of the defendant were introduced in evidence on the trial, and it was stipulated that on the face of the books the defendant was insolvent at the time of closing the bank and had been insolvent for some years prior thereto. Besides the banking business the defendant was the owner of the entire capital stock of two corporations,—the Chicago Dry Kiln Company and the American Compound Door Company,—except a few shares issued to dummies to qualify them to act as officers. These corporations were operated for a time by the receiver under the direction of the district court and their assets and property were sold by the trustee in bankruptcy. The trial court admitted evidence of the amount for which that property was sold several months after the bank was closed,

in connection with evidence of the sale of the real estate, bank fixtures and safety deposit vault belonging to the bank. The admission of the evidence is alleged as error because the sale was made some time after the bank closed and by the trustee, but no objection was made to the evidence when offered, the only objection being to evidence of the payment of the taxes of 1915 out of the proceeds. An objection would have been unavailing, because the evidence was competent, in connection with all other evidence in the record, to enable the jury to determine the value of the defendant's property; (*People* v. *Hartenbower,* 283 Ill. 591;) but aside from that evidence it was proved, beyond all doubt, that the defendant was insolvent when the deposit was received and had been insolvent for a considerable time. It is to be presumed that he knew whether or not he was solvent, (*Meadowcroft* v. *People,* 163 Ill. 56,) and the facts proved would admit of no other conclusion. The assets of the bank consisted largely of notes of the defendant and the corporations which he owned, his personal notes payable to his own bank and in his own possession, amounting to $95,000, and the notes of his corporations, which were in reality his own notes, amounting to several times that sum. He was proved guilty beyond all reasonable doubt by competent and unobjectionable evidence.

There was evidence that the personal account of the defendant with the bank for the year before it closed was $44,282.20, and that $20,000 of that sum was used by him for his personal expenses. It is objected that the evidence as to the large amount of money spent for personal expenses was incompetent, because it tended to prejudice the jury and increase his punishment. The defendant objected to the evidence at the trial, but it appears from a certified copy of the brief and argument filed in the Appellate Court that it was not mentioned there. This court reviews the judgment of the Appellate Court on the questions presented

to that court and questions not so presented cannot be raised for the first time in this court. (*People* v. *Strauch,* 240 Ill. 60; *People* v. *Forster,* 280 id. 486.) The question whether it was proper to advise the jury of the manner in which the defendant was using the money of depositors, as affecting the degree of punishment, will not be considered.

It is next argued that the verdict was not sustained by the evidence because the deposit was not proved to have been of the various kinds of money described in the indictment except as to $10 in gold. Section 25a makes it a criminal offense for a banker to receive from any person any money, check, draft, bill of exchange, stocks, bonds or other valuable thing which is transferable by delivery when the banker is insolvent. If money is deposited it is necessary to allege and prove that fact and its value, but if value is alleged a more specific description of the money is not necessary. (*Brown* v. *People,* 173 Ill. 34.) Although unnecessary, the indictment charged the deposit of great numbers of United States treasury notes, bank bills and national currency of certain specific denominations and values, covering all sorts of currency and amounting to a very great sum. The argument is that as the indictment alleged the nature of the currency and the several denominations, the People were bound to make proof of the particular kinds. The evidence was that the deposit was in currency in United States money, by which is understood bank bills or other paper money issued by authority and which passes as and for coin. (*Marine Bank of Chicago* v. *Rushmore,* 28 Ill. 463.) The receiving teller accepted the money as a deposit and gave credit for it as currency, and it was not necessary to prove more.

The record contains no evidence of payment of the checks, and it is insisted that such proof was necessary. Checks are drawn, with practical uniformity, against deposits of money and are taken and accepted by banks as

deposits for their face value, and they are *prima facie* of that value. (*American Express Co.* v. *Parsons,* 44 Ill. 312; *Hayes* v. *Massachusetts Mutual Life Ins. Co.* 125 id. 626.) Presumptions arise from the usual and ordinary course of business, and while a check, if not collected, can be charged back by the banker to the depositor, such an occurrence is very unusual, and it was not necessary to prove that no such condition occurred. The receiving teller testified that he made the entry in Lory's book and put the checks through the bank in the regular manner and they were credited at their face value as a part of the deposit. A *prima facie* case was made and not overthrown.

The verdict found the defendant guilty and that he should be punished by imprisonment in the penitentiary in addition to the fine prescribed by the statute, and it is argued that the determination of the question whether the defendant should be imprisoned in the penitentiary was for the court and not for the jury. The argument is based on section 9 of division 14 of the Criminal Code, which provides for cases where the accused pleads guilty and all other cases not otherwise provided for, in which the court must fix the time of confinement or the amount of the fine, or both, as the case may require. In case of a conviction under section 25a the proper authority to determine whether the punishment shall be confinement in the penitentiary is provided for in section 6. The reasonable construction of that section is that it applies to cases where the jury decides upon confinement in the penitentiary as punishment for the crime, and that it is not limited to cases where the law fixes such punishment as a necessary result of conviction.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*