THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* PAUL POPE DEAN, Plaintiff in Error.

*Opinion filed April 23, 1926.*

1. CRIMINAL LAW—*what constitutes embezzlement of a check.* An agent employed to deposit checks of his employer in a bank on his employer's account is guilty of embezzlement or fraudulent conversion of one of the checks, under section 75 of division 1 of the Criminal Code, where he represents to the paying teller that a certain check is not to be deposited but its proceeds are to be paid to him for the use of his employer's paymaster and converts said proceeds to his own use; and the facts that the check bore a restricted endorsement and that the bank reimbursed the employer for the amount of the check do not extinguish the offense.

2. SAME—*when proof of market value of check embezzled is not essential.* Where the defendant is charged with embezzling or converting to his own use a check drawn in favor of his employer and the evidence shows that the defendant by misrepresentation received and converted to his own use the full amount for which the check was drawn, it is not essential that the prosecution prove the market value of the check, as its face value is *prima facie* its actual value.

WRIT OF ERROR to the Circuit Court of St. Clair county; the Hon. LOUIS BERNREUTER, Judge, presiding.

· H. GRADY VEIN, and JOSEPH A. TROY, JR., for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, H. C. LINDAUER, State's Attorney, and VIRGIL L. BLANDING, (CURT C. LINDAUER, and JOHN THOMAS, of counsel,) for the People.

Mr. JUSTICE DEYOUNG delivered the opinion of the court:

At the April, 1925, term of the circuit court of St. Clair county the grand jury returned an indictment, consisting of four counts, against Paul Pope Dean. The first and fourth counts charged Dean with the embezzlement of a check for $2547.87 from his employer, the Alton and Southern Railroad. The second count was quashed on motion, and a *nolle prosequi* was entered on the third count. Dean entered a plea of not guilty. A jury trial resulted in a verdict finding him guilty and fixing his age at eighteen years. Motions for a new trial and in arrest of judgment were made and overruled and Dean was sentenced to the State reformatory at Pontiac. He prosecutes this writ of error for a review of the record.

Dean, plaintiff in error, was employed by the Alton and Southern Railroad as a chauffeur and as a messenger. One of his duties was to carry checks to the bank for deposit. On January 20, 1925, he was given thirty-eight checks, aggregating $17,423.11, with a slip upon which they were listed, and was directed to deposit the checks to his employer's credit in the Union Trust Company, a bank in the city of East St. Louis. Among these checks was one for $2547.87, drawn by the Missouri Pacific Railroad Company upon its local treasurer at St. Louis, Missouri, and made payable at sight to the Alton and Southern Railroad. This check, as well as the others, bore the endorsement, "Pay to the order of Union Trust Company of East St. Louis, Ill.,

321—9

for collection & remittance to Alton & Southern Railroad."
On the way to the bank plaintiff in error stopped at the post-
office and made out another deposit slip, omitting there-
from the check for $2547.87. He then proceeded to a cigar
store, from which he called W. F. Bohland, a paying teller
at the bank, by telephone, and represented to him that he
was the paymaster of the Alton and Southern Railroad and
that he was sending his chauffeur to the bank with cer-
tain checks for deposit, but that he desired one check for
$2547.87 paid to the chauffeur in currency of certain de-
nominations. Shortly thereafter plaintiff in error appeared
at the paying teller's window, deposited thirty-seven of the
checks in accordance with the slip which he had prepared,
and presented the remaining check for $2547.87 with the
remark, "It looks like they wanted me to carry half the
bank away to-day; they have two men out there to guard
me back." No additional endorsement was made upon the
check and the teller paid plaintiff in error the sum for which
it was drawn, in money. Plaintiff in error then left the
bank, crossed the Mississippi river to St. Louis, where he
met his wife and gave her approximately $500 in money
and a railroad ticket to Denver, Colorado. On the same
evening he departed for Little Rock, Arkansas, thence to
New Orleans, Louisiana, and finally to California. He was
arrested in Los Angeles, brought back to St. Clair county
and confessed his guilt to the sheriff, the sheriff's deputy
and T. H. Pindell, the general manager of the Alton and
Southern Railroad. On the evening that plaintiff in error
fled from St. Louis his wife turned over to Pindell the
money and railroad ticket her husband had given her. Pin-
dell on the following day paid the money and delivered the
ticket to the bank, and the latter credited the railroad com-
pany's account with the amount of the check. No evidence
was offered by or in behalf of the plaintiff in error.

Various contentions are made by plaintiff in error for
the reversal of the trial court's judgment. They may, how-

ever, be reduced to three: (1) Plaintiff in error did not embezzle the check because, owing to its restricted endorsement, it was of no value whatever to him; (2) there was no embezzlement from the Alton and Southern Railroad because the check was delivered to the bank and the railroad company received credit therefor; and (3) certain instructions given at the request of the People were erroneous and prejudicial to plaintiff in error and certain instructions requested by him were improperly refused.

Section 167 of division 1 of the Criminal Code, which defines larceny, (Smith's Stat. 1925, p. 921,) provides that it may be committed by feloniously taking and carrying away any bond, bill, note, receipt or any instrument of writing of value to the owner. By section 74 of the same division of the Criminal Code (ibid. p. 894,) whoever embezzles or fraudulently converts to his own use, money, goods or property delivered to him which may be the subject of larceny, or any part thereof, shall be deemed guilty of larceny. The 75th section makes guilty of larceny any agent, clerk or servant of any incorporated company who without his employer's consent embezzles or fraudulently converts to his own use any of his employer's property which has come to his possession or is under his care by virtue of his employment. The check for $2547.87 was an instrument in writing of value to its owner, the Alton and Southern Railroad. It came to the possession of plaintiff in error by virtue of his employment. He was directed to deposit the check, with others, to his employer's credit and was given custody of it solely for that purpose. Instead of performing his duty in that respect he separated the check from the rest, appropriated it to himself without his employer's consent, and falsely represented to the teller at the bank, over the telephone, that he was the paymaster of the railroad and desired payment of the check in currency. He then presented the check to the bank and obtained for himself, and not for his employer, the amount for which it was

drawn. Without the check he could not have obtained the money. Whether the check, owing to its restricted endorsement, was of any value to plaintiff in error is immaterial, for it was an instrument of writing of value to his employer and he fraudulently converted it to his own use. (*People* v. *Jasiecki*, 301 Ill. 23; *State* v. *Orwig*, 24 Iowa, 102.) The paper, with the writing thereon, in view of the statute, is itself a thing the embezzlement or fraudulent conversion of which is a crime. (*Young* v. *People*, 193 Ill. 236.) The acts of plaintiff in error clearly constitute an offense within the 75th section of the first division of the Criminal Code.

The fact that the bank credited the account of the railroad company with the amount of the check after its fraudulent conversion had been discovered does not relieve plaintiff in error from the charge of embezzlement. When he presented the check to the bank and received the money upon it and fled from the State his offense was complete. He then had committed a crime against the State, and whether or not his employer ultimately sustained a loss would not change the character of his acts. If the railroad company, by reason of the restricted endorsement on the check, was later relieved of loss, plaintiff in error nevertheless embezzled the check from his employer. That the owner of stolen property recovers it or is recompensed for his loss does not extinguish the offense which arises out of the theft. *People* v. *Lardner*, 300 Ill. 264.

Instructions 1, 4 and 5 given at the request of the People, it is argued by plaintiff in error, were improper because there was no basis for them in the evidence. These instructions, respectively, are in the language of sections 74 and 75 of division 1 of the Criminal Code (Smith's Stat. 1925, p. 894,) and section 1 of "An act concerning larceny and embezzlement of funds and property, approved June 27, 1917." (Ibid. p. 895.) No question concerning the validity or applicability of these statutes is raised. These in-

structions recited the law correctly and plaintiff in error was not prejudiced by them.

The second instruction given at the request of the People told the jury that if they believed from the evidence that the defendant, at or about the time the charge contained in the indictment was preferred against him, fled to a distant place, and that such flight was induced by the charge, the jury might consider his flight in determining his guilt or innocence. This instruction was erroneous. Plaintiff in error fled immediately after he converted the check. There was no evidence that any charge preferred against him induced his flight. In view of the testimony in the record, however, the error was harmless.

Complaint is made that the trial court erred in refusing to give instructions 13, 15 and 16 requested by plaintiff in error. These instructions presented the theory that his acts gave rise to a civil liability, merely, and did not subject him to criminal prosecution. The law of the case was not correctly stated in these instructions and they were properly refused.

Refused instructions 14 and 17 requested by plaintiff in error were to the effect that proof of the market value of the check was essential. By section 82 of division 1 of the Criminal Code (Cahill's Stat. 1925, p. 859,) proof of the embezzlement of a check or draft, of whatever value or amount, by an agent or servant from his employer, is sufficient to maintain a prosecution of this character. The check was drawn for $2547.87, and the evidence shows, without contradiction, that plaintiff in error received that sum in money upon it. The bank accepted the check at its face value, and, *prima facie,* it was of that value. (*People* v. *Dubia,* 289 Ill. 276; *Hayes* v. *Massachusetts Mutual Life Ins. Co.* 125 id. 626.) The trial court properly refused to give the instructions.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*