People of the State of Illinois, Defendant in Error, v. Beecher Hughey, Plaintiff in Error.

Gen. No. 9,307.

October term, 1941.                    Heard in this court at the
                                      Opinion filed February 24,
1942. Rehearing denied May 5, 1942.

LEE BOLAND, JAMES S. BALDWIN and PERLEY T. LUP-
TON, all of Decatur, for plaintiff in error.

IVAN J. HUTCHENS, State's Attorney, for defendant
in error; JOSEPH L. ROSENBERG and ROY B. FOSTER, As-
sistant State's Attorneys, of counsel.

MR. PRESIDING JUSTICE HAYES delivered the opinion
of the court.

Beecher Hughey, the plaintiff in error (hereinafter
called defendant) was found guilty by the verdict of
a jury, on an indictment charging him with wilful,
intentional and corrupt acts, constituting a palpable
omission of his official duty as a commissioner of the
city of Decatur, Illinois, and a judgment was entered
on the verdict, assessing a fine of one thousand
($1,000) dollars against the defendant and removing
him from the office of commissioner.

Section 28, ch. 24, Ill. Rev. Stat. 1939 [Jones Ill.
Stats. Ann. 21.028] provides, in case a municipal of-
ficer shall at any time be guilty of a palpable omission
of duty, or shall wilfully and corruptly be guilty of
oppression, malconduct or misfeasance in the discharge
of the duties of his office he shall be liable to indict-
ment in any court of competent jurisdiction, and, on

conviction, shall be fined in a sum not exceeding one thousand ($1,000) dollars; and the court in which such conviction shall be had shall enter an order removing such officer from office.

The defendant was convicted under count 1 of the indictment which count charged that the defendant, being a commissioner of the city of Decatur, a municipal corporation by virtue of his office did receive a certain check, which said check was then in the words and figures following, to wit: "Roy W. Christy General Contractor The Millikin National Bank of Decatur 70-69 Decatur, Ill., 11/14 1940 No. 1923 Pay to the Order of Frank Tenney Pontiac Co. $72.00 Seventy two & 00/000—Dollars Mrs. Roy W. Christy." This indictment further charged that the check was the property of the city of Decatur; that it became and was defendant's official duty to deposit the same in the city treasury; that he failed to perform this official duty in that he failed to deposit the check in the city treasury, and it charges him with being guilty of palpable omission of duty.

Defendant contends that this count does not charge an offense. This contention is based upon the fact that it appears from the indictment that the check was made payable to the order of the Frank Tenney Pontiac Company as payee, and that the city of Decatur could not cash that check without the endorsement of the payee. In analyzing the count, it appears that the setting out of the check in *haec verbæ* was surplusage. The material allegations are that the defendant was a commissioner of the city of Decatur, and received a certain check of the value of seventy-two ($72) dollars by virtue of his office,—this check being the property of the city of Decatur; that it was his duty to deposit the same in the city treasury; that he failed to perform his official duty, so he is guilty of palpable omission of duty. This was sufficient charge, without setting out the entire check.

In the case of *People v. Donaldson,* 341 Ill. 369, it is said: "The criminal law is fast outgrowing those technicalities which grew up when the punishment for crime was inhuman and when it was necessary for the courts to resort to technicalities to prevent injustice from being done. Those times have passed, for criminal law is no longer harsh or inhuman, and it is fortunate for the safety of life and property that technicalities to a great extent have lost their hold."

In the case of *People v. Dean,* 321 Ill. 128, an employee of the Alton and Southern Railroad was sent to the bank to deposit a check drawn by the Missouri Pacific Railroad Company on its treasurer, and payable to the Alton and Southern Railroad. This check was indorsed: "Pay to the order of Union Trust Company of East St. Louis, Ill." On the way to the bank the defendant stopped and called the paying teller of the bank by telephone, reported to him that he was paymaster of the Alton and Southern Railroad and that he was sending his chauffeur with the check in question, and that he desired the bank to give the chauffeur the money in currency. The court said in sustaining the conviction on the charge of embezzlement, "It came to the possession of plaintiff in error by virtue of his employment. He was directed to deposit the check, with others, to his employer's credit and was given custody of it solely for that purpose. . . . Whether the check, owing to its restricted endorsement, was of any value to plaintiff in error is immaterial, for it was an instrument of writing of value to his employer and he fraudulently converted it to his own use."

In the case of *People v. Brunkala,* 359 Ill. 206, the defendant claimed that the indictment was bad for the reason that it charged him with receiving checks all of which were similarly described with varying amounts, followed by an averment that the checks were the property of another person. The indictment

charged the defendant with receiving stolen property. The dates, endorsements and banks on which the checks were drawn were not specified in the indictment. On account of the meager description, defendant claimed the indictment failed to charge any crime and would not be a bar to another prosecution for the same offense nor permit him to plead the statute of limitations. In answer to this the court said in its opinion: ''No such particularity of description as is˙ asserted by Brunkala has been required for indictments in this State. An indictment need only be specific to the extent of notifying the defendant of the charge he has to meet, thereby enabling him to prepare his defense. The charge must be set out in a manner to also enable the court or jury to easily understand it. (*People v. Slattery,* 312 Ill. 202; *People v. Westerdahl,* 316 id. 86.) An indictment for receiving stolen property is sufficient if the stolen articles are referred to by their general names. (*People v. Krittenbrink,* 269 Ill. 244; *People v. Knight,* 323 id. 567.) Where the article stolen is a check or note, it is only necessary for the indictment to state that the article stolen was a check or note, giving the value thereof and the name of the owner. (*Young v. People,* 193 Ill. 236.) In the present case the defendant has not been handicapped in the preparation of his defense, for the description of the stolen and received articles was sufficient not only to acquaint him with the nature of the charge, but to enable him, if he could do so, to defend against each particular check.''

It is said in the case of *People v. Jasiecki,* 301 Ill. 23, ''It is sufficient that the indictment charges that the property belongs to persons who have a special ownership or interest in the property or who have possession of it.''

This record is conclusive that the seventy-two ($72) dollars was due the city of Decatur for the use of its machinery which was under the control of

the defendant by reason of his office, and that the defendant directed the check to be made payable to the Tenney Pontiac Company rather than to the city of Decatur, and that he had one of his subordinates get the check and deliver it to him. The check was then credited to the defendant by the Tenney Pontiac Company.

While the defendant was on the stand, he made this answer: "I directed Mr. Hill to have the check made to the Tenney Pontiac Garage in payment of a debt of the City of Decatur Street Department in order to save my appropriation." This answer was stricken by the court. Defendant complains of the court's ruling in this regard. If the answer had been permitted to stay in the record it would have amounted to a plea of guilt by the defendant, for the law provides for appropriations to be made by the city council for all anticipated expenditures. For the defendant to by-pass this provision of the law so that he could make a collection and disburse the city funds, without going through the channels provided by the law for all city finance, would constitute a palpable omission of duty as he was charged with in the first count of the indictment.

Defendant complains on the ruling of the trial court in permitting Sprague, a deputy sheriff, to volunteer the statement on cross-examination that there were ten indictments against the defendant. This was error, and should not have been permitted. The defendant can only be tried on the particular charge set out in the indictment. Other crimes usually are not germane, but under this case it was harmless error, for the jury did not fix the punishment and the facts are such that a jury could not possibly arrive at any different verdict than that which they reached.

Complaint is made that the court permitted the witnesses to testify that the check was credited by the Tenney Pontiac Company to the defendant rather

than requiring the production of the books and admitting them in evidence. It appears that Mr. Tenney changed and altered the books after he had testified before the grand jury, claiming that the original entries were erroneous. This being true, the proper foundation for the admission of the books could not be made, and the best evidence under these circumstances were the parties that had first-hand information. There was no error made by the trial court in this regard.

Defendant claimed that he was under no duty to deposit the check in the city treasury, because it was a thing unknown to and undefined in the law. We cannot adopt this view as the statutes expressly provide for a city treasurer and the word treasury is repeatedly used in the statutes as the place for receipts and disbursements of the money of a city and a definition of the term has been construed by the courts of this State.

The questions raised on the sufficiency of the indictment would have more force if the offenses charged in the indictment were larceny, embezzlement or receiving stolen property, but the charge here is wilful and corrupt acts constituting a palpable omission of his official duty, and in our judgment this is amply set forth in count 1 of the indictment so as to apprise the defendant of what he had to meet and to enable him to prepare his defense. The proofs offered, not only by the State but by the defendant, sustained count 1 beyond all reasonable doubt.

By reason thereof, we find the judgment of the circuit court of Macon county should be and is hereby affirmed.

*Judgment affirmed.*