**People of the State of Illinois, Plaintiff-Appellee, v. Ricardo Gant, Defendant-Appellant.**

Gen. Nos. 53,859, 53,860.

First District, First Division.

February 26, 1970.

J. Tobias Dixon, of Chicago, for appellant.

Edward V. Hanrahan, State's Attorney of Cook County, of Chicago (Francis X. Riley, Special Assistant State's Attorney, and Elmer C. Kissane, Assistant State's Attorney, of counsel), for appellee.

MR. PRESIDING JUSTICE BURMAN delivered the opinion of the court.

The defendant, Ricardo Gant, was charged in one complaint with the offense of battery on the person of Ronald Yabaraski, and in a second complaint with the offense of theft of a wristwatch from Ronald Yabaraski. After a bench trial, he was found guilty on both charges and placed on probation for one year on the condition that he serve sixty days in the Illinois State Farm at Vandalia.

On appeal, the defendant contends (1) that the elements of the crime of theft were not proven; (2) that the evidence was conflicting and insufficient to support a conviction for battery and (3) that a new trial should have been granted because the State suppressed information it had that the wristwatch was recovered the next day following the incident while this defendant was incarcerated.

Ronald Yabaraski testified that on October 15, 1968, he was in the vicinity of 6129 Seeley when seven kids with sticks and clubs started beating him. He identified the defendant, Ricardo Gant, as one of them. He said the defendant struck him across the cheek with a piece of a broomstick. Someone else hit him on the head and he bled. Yabaraski stated that the defendant took nothing from him, but in the scuffle another boy took his gold wristwatch. He threw some money at the boys, and all but Gant, who was apprehended, ran.

The defendant, Ricardo Gant, who was seventeen, testified that he saw a group of about eight boys on the corner as he left a bus. He saw a boy hit the complainant on the head with a T square and take his watch. The defendant denied hitting the complainant or helping the boys.

The defendant contends that the State did not prove the elements of the crime of theft—the taking and carrying away or the intent of the defendant to take or convert the complainant's watch to his own use. It is

argued that the complainant admitted that the defendant did not take his watch or money and the defendant could, therefore, not be convicted of theft.

In Watts v. The People, 204 Ill 233, 68 NE 563, relied on by the defendant, Thomas Watts, Jr. and Oliver Tomlin were found guilty of larceny of eight hogs of the value of $100. In a joint indictment, Thomas Watts, Sr., was also found guilty. There was no evidence that Thomas Watts, Sr. had aided, abetted or assisted in the taking or the carrying away of the hogs, and his conviction was reversed. In People v. Walker, 361 Ill 482, 198 NE 353, the parties who actually took and disposed of a washing machine were found not guilty of larceny. The defendant was not present when the machine was taken and it was never in his possession. The court held that without a guilty principal the defendant could not be convicted of larceny.

In the case at bar, the complainant identified the defendant as one of seven youths who chased him. He said that the defendant was one of the group who actually struck him. In the scuffle his watch was taken by one of the group. The evidence, if believed, showed that the defendant was not an innocent bystander, but instead aided and abetted the group of boys who stole the victim's watch. "A person is legally accountable for the conduct of another when . . . [e]ither before or during the commission of an offense, and with the intent to promote or facilitate such commission, he solicits, aids, abets, agrees or attempts to aid, such person in the planning or commission of the offense. . . ." (Ill Rev Stats 1967, c 38, § 5-2.) As the Supreme Court stated in People v. Richardson, 32 Ill2d 472, 476, 207 NE2d 478, 481:

[P]roof of a common purpose need not be supported by words of agreement but can be drawn

from the circumstances surrounding the commission of an act by a group. (Citing authorities.) Furthermore, the fact that the criminal acts were not committed pursuant to a preconceived plan is not a defense if the evidence indicates involvement on the part of the accused in the spontaneous acts of the group.

The evidence established that the defendant was an active participant in the beating of the complainant, and he could properly be found guilty of the theft of the defendant's watch.

■ We find no conflict in the testimony of the victim requiring a reversal of the battery conviction. It was established that the complaining witness was beaten by a group of boys causing him to bleed profusely. He testified that the defendant struck him across the cheek with a piece of a broomstick. This was sufficient evidence to warrant a conviction for battery.

■■ The defendant filed a post-trial petition to vacate the conviction in which he alleged that the State suppressed evidence which would have shown that the complainant's watch was recovered from several boys the day after the incident while the defendant was incarcerated. The defendant also alleged that none of the parties from whom the watch was recovered was arrested. The defendant contended that an essential element of the crime of theft is the taking of goods with the intent to convert to one's use. Since the State did not show what happened to the watch, the defendant contends that this element of the crime was not proven. We cannot see how this prejudiced the defendant. The fact that the owner of stolen property recovers it, does not extinguish the offense of theft. People v. Dean, 321 Ill 128, 132, 151 NE 505, 506. The trial judge did not abuse his discretion in denying a new trial.

For the reasons stated, the judgment of the Circuit Court is affirmed.

Affirmed.

MURPHY and ADESKO, JJ., concur.