**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 31, 2016*
Decided November 14, 2016

**Before**

ILANA DIAMOND ROVNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 15-3836

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Northern District of Illinois, Eastern Division. |
| *v.* | |
| | No. 99 CR 354-1 |
| STEVEN CROSS, | |
| *Defendant-Appellant.* | Charles P. Kocoras, *Judge.* |

## O R D E R

Fourteen years ago, while remanding his case for resentencing, we said that Steven Cross was "a bad seed." *United States v. Cross*, 289 F.3d 476, 477 (7th Cir. 2002).

---

* We have unanimously agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

Cross, who had engaged in mail fraud by collecting payments for orders of Pokémon cards and Beanie Babies that he never sent, was resentenced to 125 months' imprisonment and 36 months' supervised release. One condition of his supervised release was that he not commit another crime. Shortly after beginning his supervised release, he flouted that condition: he tried to buy a Chevrolet Camaro with a bounced check. He also removed the electronic transmitter on his ankle without authorization, which violated another supervised-release condition. The probation officer petitioned the district court to revoke Cross's supervised release; the court ordered the revocation after concluding that Cross had intended to defraud the Chevrolet dealership and willfully violated the electronic-monitoring condition. The court imposed an additional 24 months' imprisonment. Cross filed a notice of appeal, but his appointed counsel asserts that the appeal is frivolous and seeks to withdraw under *Anders v. California*, 386 U.S. 738 (1967).

At the outset we note that a defendant facing revocation of supervised release does not have a constitutional right to counsel unless he challenges the appropriateness of revocation or asserts substantial and complex grounds in mitigation. *See United States v. Boultinghouse*, 784 F.3d 1163, 1171 (7th Cir. 2015); *United States v. Eskridge*, 445 F.3d 930, 932–33 (7th Cir. 2006). Cross did neither, so the *Anders* safeguards do not govern our review of counsel's motion to withdraw. *See Pennsylvania v. Finley*, 481 U.S. 551, 554–55 (1987); *United States v. Wheeler*, 814 F.3d 856, 857 (7th Cir. 2016) (per curiam). Cross responded to counsel's motion but does not oppose it. *See* CIR. R. 51(b). Counsel has submitted a brief that explains the nature of the case and addresses the potential issues that an appeal of this kind might be expected to involve. The analysis in counsel's brief appears to be thorough, so we focus our review on the subjects that counsel discusses. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

Counsel first considers challenging the district court's subject-matter jurisdiction to revoke Cross's term of supervised release roughly three months after it expired. A district court loses jurisdiction to revoke a defendant's supervised-release term after it expires unless the following two conditions are met: (1) the court has issued a warrant or summons by the last day of defendant's term; and (2) the court's delay in revoking the defendant's supervised release was "reasonably necessary" to adjudicate matters related to violated conditions. 18 U.S.C. § 3583(i). But counsel correctly rejects challenging the court's jurisdiction because the court complied with the requirements of

§ 3583(i) to retain jurisdiction over the case: the court issued Cross a summons approximately three weeks before his supervised-release term expired, and the court found it reasonably necessary to delay the revocation hearing for about three months while Cross was hospitalized. *See United States v. Ramos*, 401 F.3d 111, 118 (2d Cir. 2005) (the meaning of "reasonably necessary" is "relatively elastic" and depends on the "legitimate interests of the defendant and the government").

Counsel also considers whether Cross might contest the district court's personal jurisdiction over him because he did not receive personal service of the summons as required by Federal Rule of Criminal Procedure 4(c)(3)(B). The summons was accepted instead by counsel on Cross's behalf while he underwent medical treatment. But this argument would be frivolous, as counsel rightly concludes, because Cross submitted to the court's exercise of jurisdiction over him by not contesting it at the revocation hearing. *See United States v. Marks*, 530 F.3d 799, 810–11 (9th Cir. 2008).

Counsel next examines and properly concludes that it would be frivolous for Cross to challenge the sufficiency of the evidence supporting the revocation of his supervised release. Regarding Cross's theft by deception, the government presented key testimony from the Chevrolet dealer who sold Cross the Camaro. This dealer said that Cross signed a written purchase agreement and accepted delivery of the car, but never paid for it. Despite knowing that the check would bounce, Cross gave the dealership a check that he said would cover the car's costs. As for the electronic-monitoring violation, Cross's probation officer testified that Cross told him that his ankle swelled, requiring him to remove the transmitter and go to Stroger Hospital. But Cross did not provide the probation officer with documentation that he was admitted to the hospital.

Counsel also considers whether Cross could raise a due-process challenge that the petition to revoke failed to specify the particular Illinois statute that he was alleged to have violated. But counsel rejects this challenge as frivolous because the petition to revoke need provide only enough information to put the defendant on notice of the criminal conduct that prompted the petition, *United States v. Lee*, 795 F.3d 682, 686 (7th Cir. 2015), and here the petition explicitly detailed Cross's theft of the Camaro and described his unauthorized removal of the electronic transmitter. Moreover, the government's statement of the case, filed five months before Cross's revocation hearing,

identified 720 ILL. COMP. STAT. 5/16-1(a)(2) as the particular Illinois statute that he violated.

Counsel also considers whether Cross could challenge the length of his imprisonment. But counsel properly rejects that challenge as frivolous because Cross's imprisonment term did not exceed the maximum permitted by statute. *United States v. Vallar*, 635 F.3d 271, 289 (7th Cir. 2011). Since Cross's original conviction for mail fraud constituted a Class D felony in 2001, the maximum prison term that the district court could impose after revoking his supervised release was two years, *see* 18 U.S.C. §1341 (2000), 18 U.S.C. §§ 3559(a)(4), 3583(e)(3), and that duration was the exact term that the court imposed.

Counsel next considers, but properly rejects, arguing that the district court overstated the value of Camaro, which was returned in good condition to the dealership, when the court weighed the proper punishment for Cross's theft. As counsel correctly concludes, it would be frivolous to argue that Cross's responsibility be limited only to the Camaro's lost value during his possession of the car because Illinois's theft-by-deception statute classifies the theft according to the value of the property stolen. 720  ILL. COMP. STAT. 5/16-1(b)(5). Moreover, because the return of stolen property is not a valid defense to theft by deception, *see People v. Gant*, 257 N.E.2d 181, 183 (Ill. App. Ct. 1970), counsel rightly rejects challenging the court's decision at sentencing to take into account the Camaro's value.

As a final matter, counsel weighs but rightly declines to dispute the reasonableness of the term of reimprisonment. As required by § 3583(e), the court considered the pertinent sentencing factors in 18 U.S.C. § 3553(a), including the nature and circumstances of the violation (cataloging Cross's fraudulent conduct and concluding that "virtually anything important that [Cross] did in this case was false"), his history and characteristics (noting that Cross preyed on vulnerable people), and the need to protect the public from Cross's scheming.

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.