State *v.* Gilbert.

---

## STATE *v.* JERRY GILBERT.

### *Confessions. Evidence. Liquor Selling.*

Where a party who has heard a witness testify against him, admits that the testimony was true, that testimony is admissible, not as independent evidence, but as explanatory of the admission.

The rule laid down in some books that there can be no conviction of a crime upon confessions alone, without other proof of the *corpus delicti,* is held not applicable to the lower grade of crimes, as to the offense of selling liquor in violation of the statute.

Where the evidence does not warrant the judgment of a court, the respondent has the benefit of the defect under a general exception to the judgment, although it was not particularly alluded to before the case was submitted.

THIS is an appeal from the judgment of a justice on a complaint against the respondent for selling spirituous liquors in violation of the statute. Plea, not guilty. Trial by the court by request of parties, December Term, 1861, BARRETT, J., presiding.

To sustain the prosecution Silas Warren, the town grand juror, who instituted the prosecution, testified to a confession of the respondent to the sale of liquor at five different times, made in his hearing after the trial before the justice, and that the liquor sold was rum.

Hiram W. Albee, Esq., the justice before whom the trial was had on the complaint, testified on behalf of the prosecution, that

in talking with the respondent about taking an appeal after the trial before him, he said to the respondent, "You know whether the testimony of Spaulding was correct or not." The respondent replied, "I did let Spaulding have the liquor, but he promised not to tell of it." The witness further testified that Spaulding testified before him that he had purchased liquor of the respondent at five different times, specifying them. This last testimony in reference to what Spaulding testified to, was objected to by the respondent, but the court overruled the objection and admitted the testimony, as showing the sense and significance of the conversation between the witness and the respondent, as stated by the witness, to which the respondent excepted.

There was no other evidence in the case.

The counsel for the prosecution claimed to have a conviction for five offenses.

The respondent's counsel claimed, first, that as the evidence was confessions by the respondent, it was not competent for the court to find therefrom that the offenses charged had been committed by the respondent. Second, that there was no proof as to the kind of liquor, or what it was, that the respondent let Spaulding have. No other questions were made in the case.

Upon the evidence the court found the respondent guilty of five offenses, and rendered judgment for a penalty of fifty dollars and costs of prosecution,—to which the respondent excepted.

*S. Fullam*, for the respondent, claimed that confessions alone were not sufficient evidence to warrant a conviction of a crime without other proof of the *corpus delicti*, and cited *Washburn* v. *Washburn*, 5 N. H. 195; *Betts* v. *Betts*, 1 Johns. C. R. 197; *Baxter* v. *Baxter*, 1 Mass. 346; Burns' Eccl. L. 448; Coke's P. C. 232; *State* v. *Gould*, 5 Halstead 162. It did not appear that the sale was made in this county or state.

*F. C. Robbins*, for the plaintiff, insisted that confessions alone were sufficient evidence, and cited 1 Phil. Ev. pp. 110 and 111; 2 Russ. on Cr. 644; 1 Green. Ev. p. 263; *Commonwealth* v.

*Knapp*, 10 Pick. 477; *Commonwealth* v. *Drake*, 15 Mass. 161;
1 Green. Ev. 199; Bul. N. P. 243; Arch. Crim. Prac. and Pl.
125; 1 Stark Ev. 264.

PECK, J.    The first question is whether the evidence to prove
what Spaulding testified in this case before the justice was properly
admitted.    Spaulding being alive, it was not competent for the
state to introduce on trial in the county. court the statements of
Spaulding as a witness before the justice, as evidence of the truth
of what he there testified.    It was no more evidence for that
purpose than statements made by Spaulding out of court on any
other occasion.    It is true that what is stated in the presence
and hearing of a party under circumstances calling for a reply,
is sometimes admissible against the party if not contradicted by
him.    But this is not true as applicable to testimony given
against a party in the course of judicial proceedings, especially in
a case where the party cannot testify; the occasion not being one
that calls for a reply or contradiction, and hence there is no
implied admission arising from the silence of the party.    But if
a party who has heard a witness testify, admits that what the
witness testified is true, he may thereby make that testimony
evidence against him, not as independent evidence, but as explan-
atory of the admission.    It becomes by reference a part of the
admission, and is admissible for the purpose of interpreting it.
A letter written by another would not be evidence against a
party; but if the party on reading it, says that the facts stated
in it are true, it becomes evidence in connection with the admis-
sion, not as evidence of the truth of the statements it contains,
but to show what the party admitted.    It was upon this princi-
ple and for this purpose, competent to show what Spaulding testi-
fied.    It appears that Spaulding testified before the justice to
having purchased liquor of the respondent, and as we under-
stand the case, the respondent knew what that testimony was.
After the decision of the justice, the justice, in a conversation
with the respondent about the propriety of an appeal, says to
him, "you know whether the testimony of Spaulding is correct or

not;" to which the respondent replies, "I did let Spaulding have the liquor, but he promised not to tell of it." This tends to show an admission on the part of the respondent that Spaulding's testimony was correct. Hence it was competent to show what that testimony was, in order to show what the respondent admitted.

It appears that it was insisted by the respondent's counsel in the county court that there was no evidence as to the kind of liquor, or what it was, that the respondent let Spaulding have. This objection is not founded in fact, for it appears by the exceptions that Warren testified among other things, that the respondent said just after the trial before the justice, that it was rum that he let Spaulding have, having sent below and got eight or ten gallons a few days before.

It is claimed on the part of the respondent that confessions alone are not sufficient in law to warrant a conviction. . It is true that it is said in some of the books that the accused should not be convicted upon confessions without some other evidence tending to show that the crime has been committed, or as it is said, unless there is other proof of the *corpus delicti;* that is, in case of murder, that the person alleged to have been murdered is deceased, or in case of larceny, that the property alleged to have been stolen has been taken or lost. This however is said usually in reference to high crimes. Whether this is an absolute rule of law, or a precautionary rule merely to be observed by jurors or the triers of fact in weighing the evidence, it is unnecessary to decide. If it is a rule of law applicable to felonies and the higher crimes, we think there is no such absolute rule of law applicable to the lower grades of crime or misdemeanors to which this offence belongs; although great caution should always be exercised in weighing evidence when it consists of confessions alone. This objection to the character or sufficiency of the evidence cannot prevail. Thus far we find no error.

The remaining objection to the conviction is that it does not appear that there was any proof that the offence was committed within this county, or even in this state. This is fatal if the

State *v.* Gilbert.

question properly arises upon the exceptions, as there is no proof whatever that the offence was committed in this county, or where it was committed. If it appeared that the respondent resided and had a place of business in the county, possibly it might be inferred that the offence was committed within the county, but not even does that appear. The bill of exceptions details the evidence and states expressly that there was no other evidence. It does not appear that this question was specifically raised in the county court, and the counsel for the government insists that for that reason it cannot be raised in this court. The bill of exceptions states the two questions which the respondent's counsel raised upon the evidence in the case in the county court, and then states that no other question was made. If the case stated the decision of the court specifically upon these questions, and then merely stated that the respondent excepted to that ruling, no other question perhaps could be raised in this court. But after stating that no other question was made, the exceptions proceed to state, that, " upon the evidence the court found the respondent guilty of five offences, and rendered judgment for a penalty of fifty dollars and costs of prosecution,—to which the respondent excepted." This exception is to the judgment of the court upon the evidence detailed in the case. If the evidence does not warrant the judgment the respondent has the benefit of the defect under this exception, although it was not particularly alluded to before the case was submitted. If the respondent had submitted the case for decision upon the evidence, without raising any question of law, and then excepted to the final decision, it is clear that he would have the benefit of any fatal defect in the evidence. The exception is a general exception to the legal conclusion of the county court from the evidence. Had the court in this case found the respondent guilty of twenty offences when the evidence only tends to prove five, it is manifest the respondent could have availed himself of the error under this general exception to the judgment of the court. It is the same as to the want of any other evidence necessary to warrant the judgment. The respondent did insist in the county court

that the evidence did not warrant a conviction.   It is true the reason there assigned was that the evidence was wholly by proof of confessions ; but other reasons may be assigned and relied on here under the general exception to the finding and judg‚ ment.

Judgment reversed and new trial granted.