THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* WALTER DONALD O'BRIEN, Plaintiff in Error.

*Opinion filed Sept. 22, 1949—Rehearing denied November 21, 1949.*

JOSEPH LUSTFIELD, of Chicago, for plaintiff in error.

IVAN A. ELLIOTT, Attorney General, of Springfield, and JOHN S. BOYLE, State's Attorney, of Chicago, (JOHN T. GALLAGHER, W. S. MIROSLAWSKI, JOHN J. PHILLIPS, RUDOLPH L. JANEGA, and JOHN L. HENDRICKS, all of Chicago, of counsel, for the People.

Mr. JUSTICE SIMPSON delivered the opinion of the court:

Plaintiff in error, Walter Donald O'Brien, was convicted of the offense of malicious mischief after a trial before the court without a jury, and was sentenced to one year in the county jail. On writ of error to the Appellate

Court the conviction was affirmed. The case is before us on writ of error.

Plaintiff in error was indicted at the March term, 1948, of the Cook County criminal court for burglary and malicious mischief. The burglary counts were waived by the State's Attorney and the cause proceeded to trial on the remaining count. This count charged that plaintiff in error did feloniously, unlawfully, wilfully, mischievously, and maliciously injure and deface a dwelling house in the lawful possession and control of Charles Stransky, occupied by Charles Stransky as a dwelling house, and owned by said Charles Stransky, by prying open a door of said building, and by breaking certain hooks on said door, without the consent of said Charles Stransky.

The evidence disclosed that the building in question was a one-story structure containing two stores, in the back of one of which was a three-room apartment where Stransky resided with his wife and baby. About 6:30 on the morning of February 26, 1948, he was awakened by a noise at the back door of the apartment. Stransky operated an auto repair shop and people occasionally called on him early in the morning, in the winter, to help get their cars started. When he heard the noise, he called out to whoever was there and began to dress. The noise continued at the back door, despite his calls. Before he completed dressing, the back door was opened and a man came into the kitchen and proceeded slowly to near the bedroom door behind which Stransky was standing. The intruder remained silent when asked what he wanted. In response to a second inquiry, he told Stransky to put up his hands. A scuffle then ensued which resulted in Stransky putting the man out of his kitchen into the alley, and locking the door. Apparently only the storm door had been previously locked. Two screw-eyes which were a part of the hook arrangement by which the storm door was fastened, were found to have been torn from the wooden door and door

frame. Stransky upon dressing went outside and around the building where he saw plaintiff in error standing on the corner. In the meantime Stransky's wife had called police who came by in a squad car and they arrested plaintiff in error while he was still standing on the sidewalk at the corner. This all occurred about 6:30 in the morning. In the middle of the afternoon plaintiff in error was interrogated by police, at which time he made a statement that he had been drinking all the evening before, and that he had no recollection of being in Stransky's place. That he had been drinking was verified by the police officers who arrested him, although they were of the opinion that he was not intoxicated.

Plaintiff in error contends that the People failed to prove the *corpus delecti*. Technically speaking, the *corpus delecti* is the body or the essence of the crime. In this case it is included within the charge that the dwelling house of Charles Stransky was maliciously defaced and injured by plaintiff in error, without the consent of Stransky. (*People* v. *Strook*, 347 Ill. 460.) In this connection it will be noticed that the indictment charged that the property injured was a dwelling house in the lawful possession and occupancy of Stransky, who was alleged to be the owner.

An indictment for offenses against persons or property must allege and prove the name of the person or property injured, if known. This is to enable the defendant to plead either former conviction or acquittal in case of a second prosecution for the same offense. (*People* v. *Flaherty*, 396 Ill. 304.) The statute requires that, in order to constitute the crime of malicious mischief, the building defaced, or chattels destroyed, must be those of another. (Ill. Rev. Stat. 1947, chap. 38, par. 425; *People* v. *Sturch*, 389 Ill. 82.) Where the offense is against property, the indictment must allege, and the People must show, that the property injured was that of a person other than the

accused. (*People* v. *Burnett*, 394 Ill. 420.) The allegation of ownership of property defaced or injured was a material averment. It raised a question of fact which the People were bound to prove.

By a motion for a directed verdict, at the close of the People's evidence, plaintiff in error raised the question that the proof was insufficient to sustain the allegation of ownership of the building. Where the indictment contains a material averment of fact, the People are bound to prove such fact. *People* v. *Carman*, 385 Ill. 23.

The only evidence in the record concerning the premises is that contained in the testimony of Stransky. He testified that he lived at the address mentioned in the indictment. He then described the premises as a one-story building with two stores, and said that he lived in back of one of the stores in three rooms composed of a kitchen, two bedrooms, and a hall. These rooms could be entered from one of the stores and also from the alley at the rear. No formal proof was offered concerning the ownership of either the three-rooms used by Stransky as living quarters, or the two storerooms in the building. There was no testimony concerning the nature or extent of the occupancy of the building by Stransky, or whether his possession was lawful, exclusive, or otherwise. Under this state of the record it cannot be said that the People have sustained the burden of proving the ownership of the premises.

While proof of possession of the building by a lessee, or anyone entitled to lawful possession thereof, would have been sufficient proof of ownership as against a wrongdoer, the People in this case have utterly failed to make proof of ownership of any character. Requiring certainty in an indictment and making a material variance between the indictment and the proof fatal to a conviction is not a mere empty form. It represents more than a technicality —it is a substantial right of the defendant to have the

crime charged and proved with such certainty as to protect him in the future against double jeopardy. *People* v. *Clavey,* 355 Ill. 358.

For the errors indicated the judgment must be reversed and the cause remanded to the criminal court of Cook County for a new trial.

*Reversed and remanded.*