## Commonwealth v. Allen

*Raymond R. Start*, district attorney, and *Basil C. Clare*, assistant district attorney, for Commonwealth.

*R. Paul Lessey*, for defendant.

SWENEY, J., December 11, 1953.—This matter is before the court en banc on defendant's motion in arrest of judgment and defendant's motion for a new trial, after a trial upon the charges of lottery and traffic in lottery tickets and a resultant verdict of guilty.

The facts, disclosed by the evidence, are that, as the result of a complaint, the Chester police shadowed defendant from January 21 to February 5, 1953; they discovered that defendant followed a daily pattern, viz., he left the Sun Shipbuilding Company yard, in the City of Chester, this county, where he worked, each morning about 11:45 a.m., went north on Potter Street to Seventh Street, over Seventh Street to Morton Avenue, where he entered a drug store and used a telephone; leaving the drug store, he went south on Morton Avenue to the Shamrock Cafe and from there to the Crystal Restaurant, at Fourth and Morton Avenue, where he used the telephone again. On February 5, 1933, the Chester police arrested defendant and took from his person $100 in notes and $5.10 in change. Upon his arrest, defendant admitted that he was engaged in writing "numbers". The police searched defendant's locker at the shipyard and, in a cup in his locker, they found an envelope with 16 numbers, several open Treasury tickets, three sealed Treasury tickets, seven slips showing results of Treasury lottery, a dreambook and a ticket to a bazaar. There was no proof of defendant's writing numbers, no number slips were found on his person and his locker at the shipyard was unlocked and had been used by defendant and several other employes.

Contending that the Commonwealth had failed to prove the corpus delecti and that, as a consequence, the confession of defendant could not be introduced into evidence, defendant, at the end of the Commonwealth's case, demurred to the evidence. This demurrer was overruled by the trial judge and the jury returned a verdict of "Guilty."

The crime of "Lottery" and "Traffic in Lottery Tickets" is a misdemeanor. The law is well settled that, in the case of a felony, the corpus delecti must be proven before a confession may be admitted in evidence. The

question before us is whether this same rule applies where the crime charged is a misdemeanor.

The testimony introduced in the case before us contained no evidence of a crime. If defendant is to be convicted, such conviction must rest entirely upon his admission of guilt.

The question as to whether a defendant, in a misdemeanor, may be convicted upon his own confession alone has never been passed upon by the appellate courts of this State. Henry on Evidence, vol. I, §183, says:

"This rule (that the corpus delecti must be proven beyond a reasonable doubt before a confession can be admitted in evidence) . . . does not apply to misdemeanors."

The case of Commonwealth v. Quick, 15 Dist. R. 972, is cited as authority for this proposition. But the cases of Commonwealth v. Waugh et al., 56 D. & C. 170 (Montgomery County, 1946) and Commonwealth v. Kendrick, 70 D. & C. 366 (Montgomery County, 1949) hold to the contrary and we are inclined to agree that the best reasoning dictates that a conviction based upon a confession alone is not sound. See also, Commonwealth v. Bahm, 92 Pitts. 375, and Commonwealth v. Shovlin, 16 D. & C. 549.

A search of the authorities outside of Pennsylvania reveals that the weight of authority favors the position that the corpus delecti must be proven. State v. Gilbert, 36 Vt. 145, decides that proof of the corpus delecti is not necessary in a misdemeanor. Holding the contrary opinion are People v. Montgomery, 47 Cal. App. 2d 1, 117 P. 2d 437 (1941) ; People v. Dubinsky, 31 N. Y. S. 2d 234 (New York, 1941) ; State v. Cooper, 358 Mo. 269, 214 S. W. 2d 19; State v. Whiteside et al., 204 N. C. 710, 169 S. E. 711; People v. O'Brien, 404 Ill. 236, 88 N. E. 2d 486, and Boblitt v. Commonwealth, 214 Ky. 760, 285 S. W. 237.

In the instant case, the proof of the Commonwealth was not sufficient in volume and quality to overcome the presumption of innocence and to put defendant to a defense. The trial judge should have sustained defendant's demurrer. Such being the case it now becomes the court's duty to discharge defendant: Commonwealth v. Marino et al., 142 Pa. Superior Ct. 327. See also, Commonwealth v. Libonati, 346 Pa. 504; Commonwealth v. Holt, 350 Pa. 375.

### Decree

And now, December 11, 1953, it is ordered and decreed that defendant, Arthur Allen, be, and he is hereby, discharged.