*In re* Interest of MICHAEL BUDDE, a Minor—(THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, *v.* MICHAEL BUDDE, Respondent-Appellant.)

(No. 58332;

First District (3rd Division)—December 6, 1973.

Paul Bradley, Deputy Defender, of Chicago (Steven Clark, Assistant Appellate Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Kenneth L. Gillis and John M. Cutrone, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE McGLOON delivered the opinion of the court:

A petition for adjudication of wardship was filed which charged the respondent, Michael Budde, with the offense of attempt to commit robbery. (Ill. Rev. Stat. 1971, ch. 38, sec. 8—4.) After an adjudicatory hearing in the Juvenile Division of the circuit court of Cook County, respondent was found delinquent of the offense charged and he was sentenced to nine months probation. This is an appeal from that finding.

Respondent presents three issues for review. First, he contends that the State failed to prove the identity of the victim, which was a material allegation of the delinquency petition. Second, he contends that he was merely present at the scene and did not aid or abet the attempted robbery. Third, he contends that his allegedly ambiguous admission to a police officer was improperly admitted in evidence because the *Miranda* warnings which were given to him were inadequate. As a corollary to this contention, he argues that the police officer's testimony that the *Miranda* warnings were given was elicited by leading questions which were improper.

We reverse.

The evidence is conflicting. The attempted robbery took place in the hallway of a building near the corner of Kedzie Blvd. and Albany Avenue in Chicago on March 7, 1972. Three boys, Budde, respondent and appellant, Rogers, his co-respondent, and Piper, who was not involved in the instant hearing, stopped a woman who was passing by. After what appeared to be a brief conversation, Piper followed the woman into the hallway and tried to take her purse. Only one of the other two boys followed Piper into the hallway, and this is the point at which the testimony conflicts.

James Stevens, an eyewitness, called by the State, testified that he saw Rogers run into the hallway and help Piper by grabbing the victim's arm. Rogers, the co-respondent, testified that he remained on the corner

while Piper and Budde went into the hallway. Budde testified that he followed Piper, but that he remained at the door of the hallway. He testified that Piper told him that he was going to snatch the lady's purse. He testified that he did not believe Piper and he did not think he had "enough nerve" to do it. Budde further testified that he turned around, started to walk away, heard a crash, and started running. The crash was caused as the lady fell against the glass of the entrance door after having been dragged by one of the boys. Rogers testified that he saw Budde come out of the hallway before the crash and Piper came out after the crash. All three boys ran.

Officer Veller also was called as a witness by the State. He testified that Budde made a statement to him, which is unintelligible to us, at the police station about his involvement at the scene. The victim did not testify.

The trial court found Budde guilty and Rogers not guilty of attempted robbery. The court decided that it was a misnomer that Stevens, the eyewitness, referred to Rogers as the boy who followed Piper into the hallway and grabbed the woman's arm. Otherwise, the court found that Stevens' testimony was unimpeached, and that Budde was accountable for the attempted robbery.

■■ In a juvenile proceeding the standard of proof necessary to find a juvenile delinquent of what would be criminal conduct if charged against an adult is proof beyond a reasonable doubt. (*In re Urbasek*, 38 Ill.2d 535, 232 N.E.2d 716.) *Urbasek* applies prospectively and governs the standard of proof to be used in the instant case. *People v. Perry*, 132 Ill.App.2d 326, 270 N.E.2d 272; Ill. Rev. Stat. 1971, ch. 37, sec. 704—6.

■■ The State must prove every material allegation of the petition charging the offense. (*People v. O'Brien*, 404 Ill. 236, 88 N.E.2d 486.) Where an indictment or a petition, as in the instant juvenile proceeding, charges an offense either against persons or property, such as attempt to commit robbery, the name of the person or property injured, must be stated, and the allegation must be proved as alleged. Proof of the Christian name is unnecessary, however, when the facts in evidence have no doubt as to the identity of the person. (*People v. Smith*, 341 Ill. 649, 173 N.E. 814.) The purpose of identifying the victim is to protect the right of the accused against double jeopardy; it is not a mere technical rule. *People v. Tassone*, 41 Ill.2d 7, 241 N.E.2d 419, *cert. den.* 394 U.S. 965, 22 L.Ed.2d 567, 89 S.Ct. 1318.

Respondent contends that the identity of the victim of the attempted robbery was not sufficiently established at trial and that this is fatal to the delinquency finding. The State contends that there was sufficient proof.

Throughout the proceeding the victim of the alleged attempted robbery was described as the "old lady", the "woman", and the like. There was testimony that the woman went to the police station in order to sign a complaint, but the record does not show the existence of such complaint. Mention was made of the name Francisca Battalan, the alleged victim who did not testify, three times during the proceedings. (1) The trial court asked if Francisca Battalan was present in the courtroom at the beginning of the proceedings. The Assistant State's Attorney replied that she was not present. (2) During respondent's motion for a directed finding at the end of the state's case, counsel referred to the complaining witness as Francisca Battalan. (3) During the cross-examination of co-respondent Robert Rogers, the Assistant State's Attorney mentioned the name Francisca Battalan in the following context:

"Q. About what time did you arrive?

A. About a quarter to six.

Q. A quarter to six. What did you do? What time did this lady come by you? Do you know which lady we're talking about; Francesca Battalin [sic.] An older lady.

A. About five minutes later."

We find that these references are not sufficient to prove the identity of the victim of the attempted robbery beyond a reasonable doubt and that the State has not carried its burden of proof. Our holding does not rest upon cases dealing with the failure of the complainant to testify or cases dealing with a variance between the complaint and the proof as to a material allegation. Cases cited in the briefs by both parties on these points are inapposite. In view of our finding we do not consider respondent's two other contentions.

Judgment reversed.

DEMPSEY, P. J., and McNAMARA, J., concur.