(No. 19294.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* WALTER PERNALSKY *et al.* Plaintiffs in Error.

*Opinion filed February 20, 1929.*

EUGENE L. MCGARRY, (ELWYN E. LONG, of counsel,) for plaintiffs in error.

OSCAR E. CARLSTROM, Attorney General, ROBERT E. CROWE, State's Attorney, and JAMES B. SEARCY, (HENRY T. CHACE, JR., and EDWARD E. WILSON, of counsel,) for the People.

Mr. CHIEF JUSTICE DEYOUNG delivered the opinion of the court:

Walter Pernalsky and Joe Szatkousky were indicted in the criminal court of Cook county for burglary. A jury found them guilty and they were sentenced to the penitentiary at Joliet. They prosecute this writ of error for a review of the record.

The indictment consists of three counts. The first charges that the defendants broke and entered the store of the F. W. Woolworth Company, a corporation, with intent to steal its goods and chattels in the store, and that they stole and carried away certain of the goods and chattels. The second count charges the breaking and entering, and the third, the entering, without force, of the store of the F. W. Woolworth Company, a corporation, with intent to steal from the store personal property of the same corporation.

Reversal of the judgment is sought by the plaintiffs in error upon several grounds. Only one needs to be considered—that the proof must support the allegation of the indictment concerning the ownership of the building entered.

It is alleged in each count of the indictment that the plaintiffs in error entered a certain building, namely, the store of the F. W. Woolworth Company, a corporation. The ownership of the building entered is an essential allegation in charging the offense of burglary. Where an allegation of ownership is necessary in an indictment the ownership must be alleged in a person, corporation or other entity that may be the owner of property. (*People* v. *Krittenbrink,* 269 Ill. 244; *People* v. *Brander,* 244 id. 26; *Aldrich* v. *People,* 225 id. 610.) The averment of corporate ownership in such a case is a material one and the existence of the corporation must be proved. (*People* v. *Struble,* 275 Ill. 162; *People* v. *Krittenbrink, supra; People* v. *Fryer,* 266 Ill. 216.) The fact need not, however, be shown by

the charter or by the articles of incorporation. The act to regulate proof in criminal cases, effective since July 1, 1889, (Cahill's Stat. 1927, p. 954; Smith's Stat. 1927, p. 1021;) provides that in all criminal prosecutions involving proof of the legal existence of a corporation, user shall be *prima facie* evidence of such existence. Proof of the exercise of corporate powers and functions is therefore *prima facie* sufficient. (*People* v. *Struble, supra; People* v. *Fryer, supra.*) The record in this case contains no evidence of any character that the F. W. Woolworth Company is a corporation. The lack of evidence to sustain this essential averment of the indictment is fatal to the judgment rendered.

The judgment of the criminal court of Cook county is reversed and the cause is remanded to that court for a new trial. *Reversed and remanded.*