(No. 33437.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* EDWARD WALKER, Plaintiff in Error.

*Opinion filed November 23, 1955*

Edward Walker, *pro se.*

Latham Castle, Attorney General, of Springfield, and John Gutknecht, State's Attorney, of Chicago, (John T. Gallagher, Rudolph L. Janega, Charles D. Snewind, and William Sylvester White, of counsel,) for the People.

Mr. Justice Davis delivered the opinion of the court:

Edward Walker, Donnie Hughley and Robert Curls were indicted in the criminal court of Cook County for burglary and larceny. Walker requested and was granted a severance. Hughley and Curls pleaded guilty. Walker pleaded not guilty and waived a trial by jury. He was found guilty of burglary and sentenced to the penitentiary for a term of not less than one year nor more than twenty years. He prosecutes this writ of error.

The indictment consists of four counts. Of these, the first charged that Walker, Hughley and Curls, on January 18, 1954, broke and entered the dwelling house of Anthony Wright, with intent to steal the personal goods of Anthony and Ophelia S. Wright, and that they stole certain items of personal property belonging to each of the named persons. The second count differs from the first only in that it charged Walker's previous conviction of the crime of burglary. The third count charged burglary without force. Count four also charged Walker's previous conviction of the crime of burglary.

When the cause came on for trial on March 18, 1954, the court first heard testimony bearing upon the guilt and possible punishment of Hughley and Curls out of the presence of Walker. Immediately thereafter, Walker was brought into the court room and his case proceeded to trial. Curls and three others testified on behalf of the People. Judgment was pronounced and sentence imposed on the same day.

Defendant makes the contention, among others, that there is a fatal variance between the allegations of the indictment and the proof with respect to the ownership of the dwelling burglarized, and that the evidence is insufficient to sustain the conviction. The principal question presented is not, strictly speaking, one of variance but, instead, one going to the failure to prove a material and essential allegation of the indictment. (*People* v. *Cohen,* 352 Ill. 380.) The failure to prove a material allegation of an indictment beyond a reasonable doubt is fatal to a judgment of conviction, and the question may be raised for the first time upon review. *People* v. *Cohen,* 352 Ill. 380; *People* v. *Feldstein,* 342 Ill. 615; *People* v. *Smith,* 258 Ill. 502; *Davis* v. *People,* 19 Ill. 73.

Each count of the indictment alleged that the property burglarized was the dwelling house of Anthony Wright and that the burglary was committed with intent to steal

the personal property of Anthony Wright and Ophelia S. Wright therein found. The only evidence having any bearing upon these allegations was the testimony of a witness who identified herself as Mrs. Octavia S. Wright. She testified that her apartment, located at 4007 South Parkway, in Chicago, had been burglarized and that certain articles belonging to her husband had been taken. She identified a pistol belonging to her husband, which she stated had been taken in the burglary. The witness did not name her husband, and there is no testimony in the record that the dwelling of Anthony Wright was burglarized or that the property stolen belonged to him or Ophelia S. Wright, as alleged in the indictment. Indeed, neither the name Anthony Wright nor the name Ophelia Wright appears in the testimony of the witnesses. Mrs. Octavia Wright was a complete stranger to the proceedings; her name does not appear in the indictment nor in the list of witnesses endorsed thereon.

Where an indictment charges an offense either against persons or property, the name of the person or property injured, if known, must be stated, and the allegation must be proved as alleged. (*People* v. *O'Brien,* 404 Ill. 236; *People* v. *Flaherty,* 396 Ill. 304; *People* v. *Smith,* 341 Ill. 649; *People* v. *Struble,* 275 Ill. 162.) Proof of the Christian name is unnecessary, however, where the facts in evidence leave no doubt as to the identity of the person. (*People* v. *Smith,* 341 Ill. 649.) Where, as here, the charge is burglary, the ownership of the building is an essential allegation and the proof must conform to the charge. (*People* v. *Pernalsky,* 334 Ill. 38; *People* v. *Zangain,* 301 Ill. 299.) The purpose served by alleging the name of the person or property injured is to enable the accused to plead either a former acquittal or conviction under the indictment in the event of a second prosecution for the same offense. (*Aldrich* v. *People,* 225 Ill. 610; *Willis* v. *People,* 1 Scam. 399.) Since the requirement is

founded upon the protection of the right of the accused against double jeopardy, it is a substantial requirement designed to safeguard a constitutional right and not a mere technical rule. *People* v. *O'Brien,* 404 Ill. 236; *People* v. *Clavey,* 355 Ill. 358; *People* v. *Struble,* 275 Ill. 162.

The factual situations in the present case and in *People* v. *Smith,* 341 Ill. 649, are strikingly similar. In the *Smith case,* the indictment charged three defendants with the burglary of the dwelling house of Chester Olenec, the larceny of his personal property, and receiving stolen personal property. Two were found guilty of burglary and one of receiving stolen property. The only evidence as to the ownership of the dwelling and the personal property was the testimony of Nellie Olenec, who stated that her home had been burglarized and certain articles belonging to her and her husband stolen. The Christian name of Mrs. Olenec's husband did not appear in the record except in the allegation of the ownership of the property in the indictment, and there was no testimony that the witness was the wife of Chester Olenec or that the dwelling which was burglarized was his. The judgment was reversed and the cause remanded. Cf. *People* v. *O'Brien,* 404 Ill. 236; *People* v. *Cohen,* 352 Ill. 380; *People* v. *Pernalsky,* 334 Ill. 38; *People* v. *Struble,* 275 Ill. 162; *Aldrich* v. *People,* 225 Ill. 610.

Defendant relies upon other errors for reversal, consisting of alleged irregularities upon the trial. The contention is made that the unsworn testimony of a police officer was received, and that defendant was deprived of a fair trial because of the bias of the trial judge who assumed the position of an advocate on behalf of the prosecution. Since the judgment must be reversed because of the insufficiency of the evidence to sustain the conviction, we deem unnecessary a consideration of the alleged irregularities and the conduct of the trial. We are constrained to observe, however, that it affirmatively appears that the trial

was informally conducted, with undue dispatch and in a manner not conducive to the adequate protection of the rights of the defendant.

The judgment of the criminal court of Cook County is reversed and the cause is remanded to that court for a new trial.

*Reversed and remanded.*