(No. 36339.—

The People of the State of Illinois, Defendant in Error, *vs.* John Mosby, Plaintiff in Error.

*Opinion filed September 28, 1962.*

LLOYD S. KUPFERBERG, of Chicago, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and JOHN T. GALLAGHER and JAMES R. THOMPSON, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE UNDERWOOD delivered the opinion of the court:

The defendant, John Mosby, was found guilty by a jury in the criminal court of Cook County on a charge of burglary alleged to have occurred on April 28, 1960, involving the dwelling house of David Crawford. On this charge he was sentenced to a term of five to ten years on July 21, 1960. Mosby was also found guilty by a jury on a charge of burglary allegedly occurring on March 11, 1960, involving the premises of Milton Holman. On September 20, 1960, he was sentenced to a minimum of fifteen years and a maximum of thirty years in the Illinois State Penitentiary, that sentence to commence at the conclusion of the five-to-ten-year sentence in the first case. By writ of error he asks that judgment be reversed in both cases and both causes be remanded for a new trial. By agreement, the cases have been consolidated on review.

The defendant, among other grounds, contends that both cases should be reversed and remanded because of the failure of the People to prove ownership of the premises alleged to have been burglarized. Examination of the record in the Crawford case discloses that nowhere in the testimony does the name of David Crawford appear. He did not

testify. Willa Crawford testified, but she was not asked, nor did she testify, as to the name of her husband or as to the identity of the ownership of her apartment. In the Holman case the name of Milton Holman nowhere appears in the testimony. Mary Holman testified that she and her husband lived in an apartment leased by Inez Dore but referred to the apartment as her apartment. None of the other witnesses in either case testified as to the ownership of the allegedly burglarized premises.

This court has consistently held that the ownership or possession of the dwelling is an essential allegation of an indictment alleging burglary, which allegation must be proved as laid in order to safeguard the accused against double jeopardy. (*People* v. *Walker,* 7 Ill.2d 158; *People* v. *Pernalsky,* 334 Ill. 38; *People* v. *Smith,* 341 Ill. 649.) It is contended on behalf of the People that in the Crawford case, because the indictment alleged an intent to steal the property in the dwelling house of David Crawford belonging to David Crawford, Willa Crawford and A. C. Parrish, because Willa Crawford testified that she lived in an apartment with her nephew, A. C. Parrish, and her husband, and that a check belonging to her and to her husband was stolen, and because there was no evidence that anyone else or that any other Crawford lived in the apartment, the evidence establishes that Willa Crawford's husband's name was David and that it was his apartment that was burglarized. We do not so read the record. The name on the check in question was D. W. F. Crawford. We cannot infer the name of David Crawford from D. W. F. Crawford nor can we infer that Mrs. Crawford's husband's name was David Crawford simply because of the allegation that property belonging to David Crawford was taken.

Nor can we infer from the testimony in the Holman case that Mary Holman's husband's name was Milton simply because she testified that she lived in the apartment with her husband and the indictment charged the property taken

belonged to Milton Holman and Mary Holman. There was no testimony that any property belonging to Milton Holman or Mary Holman's husband was taken. The People contend that from the evidence concerning the check in the Crawford case and Mrs. Holman's testimony in the Holman case, and from absence of any evidence that anyone else by the name of Holman or Crawford lived in the apartment, it may be reasonably inferred that Willa Crawford's husband's name was David and Mary Holman's husband's name was Milton.

These are not fair inferences. Essential allegations of indictments must be proved without variance. (*People* v. *Walker,* 7 Ill.2d 158; *People* v. *Pernalsky,* 334 Ill. 38; *People* v. *Smith,* 341 Ill. 649.) An essential element of proof to sustain a conviction cannot be inferred but must be established. The fact that this proof might have been elicited by a single question of Willa Crawford and Mary Holman is beside the point since it was not done. Because of the failure of the People to prove the essential allegation of ownership of the premises allegedly burglarized in both cases, both judgments are reversed and the causes remanded.

*Reversed and remanded.*