**People of the State of Illinois, Plaintiff-Appellee, v. Billy Charles Jamison, Defendant-Appellant.**

**Gen. No. 51,220.**

First District, Third Division.

February 1, 1968.

Rehearing denied February 9, 1968.

Gerald W. Getty, Public Defender of Cook County, of Chicago (Frederick F. Cohn and James J. Doherty, Assistant Public Defenders, of counsel), for appellant.

John J. Stamos, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Oliver D. Ferguson, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE SULLIVAN delivered the opinion of the court.

This is an appeal from a conviction of burglary. Defendant was tried before the bench and was sentenced to one to three years in the penitentiary.

Jamison was indicted for burglary of "the store of Benjamin English, John Bellamy and Dennis Bell, copartners, located at 701 South Pulaski Road, Chicago, Cook County, . . . ." During the trial Bellamy testified that he was engaged in the business of a clothing store at 701 South Pulaski and that his interest in the store was that of a partner. He did not name his copartners nor was any evidence presented as to who were the copartners.

The only point raised on appeal is that the names of Bell and English were not mentioned at the trial and, therefore, the State failed in its burden of proving beyond all reasonable doubt ownership as alleged in the indictment.

█ There are only two reasons for requiring the ownership of property to be stated in an indictment for burglary: (1) to show that the building allegedly broken into was not the property of the accused, inasmuch as one cannot commit burglary by breaking into one's own building, and (2) to identify the offense so as to protect the accused from a second prosecution for the same offense. 13 Am Jur2d, Burglary, § 37.

The Illinois courts have carefully guarded the accused's right to have the above requirement filled and to have the proof conform to the allegation. In People v. Cohen, 352 Ill 380, 382, 33 NE2d 593, the court said:

> "It has been the settled law of this State since this court was first organized, that every material allegation in an indictment for a felony must be proved beyond a reasonable doubt before a defendant charged with such a crime can be legally convicted for the same."

In People v. Mosby, 25 Ill2d 400, 185 NE2d 152, one witness testified that property belonging to herself and her husband was taken from their apartment. No mention of the husband's name was made and the court would not presume it was the same as that in the indictment. The court said on page 402:

> "This court had consistently held that the ownership or possession of the dwelling is an essential allegation of an indictment alleging burglary, which allegation must be proved as laid in order to safeguard the accused against double jeopardy. (People v. Walker, 7 Ill2d 158; People v. Pernalsky, 334 Ill 38; People v. Smith, 341 Ill 649.)"

It continued on page 403:

> "Essential allegations of indictments must be proved without variance. (Citing cases.) An essential element of proof to sustain a conviction cannot be inferred but must be established. The fact that this proof might have been elicited by a single question . . . is beside the point since it was not done."

In People v. Walker, 7 Ill2d 158, 130 NE2d 182, the court said on page 161:

> "Where, as here, the charge is burglary, the ownership of the building is an essential allegation and the proof must conform to the charge. (People v. Pernalsky, 334 Ill 38; People v. Zangain, 301 Ill 299.) The purpose served by alleging the name of the person or property injured is to enable the accused to plead either a former acquittal or conviction under the indictment in the event of a second prosecution for the same offense. (Aldrich v. People, 225 Ill 610; Willis v. People, 1 Scam 399.) Since the requirement is founded upon the protection of the right of the

30

accused against double jeopardy, it is a substantial requirement designed to safeguard a constitutional right and not a mere technical rule. People v. O'Brien, 404 Ill 236; People v. Clavey, 355 Ill 358; People v. Struble, 275 Ill 162."

■ In the case at bar one copartner of a store testified as to his own membership therein. No mention was made of the other two persons named in the indictment. While it may be that they indeed were the true partners of Bellamy, no such proof was made and no such conclusion can be had from a total lack of evidence. The State failed to prove an essential element of the crime as charged and, therefore, Jamison's conviction cannot stand.

In the following cases the only issue considered by the court on appeal was failure of the State to prove ownership as alleged in the indictment: People v. O'Brien, 404 Ill 236, 88 NE2d 486; People v. Walker, 7 Ill2d 158, 130 NE2d 182; People v. Mosby, 25 Ill2d 400, 185 NE2d 152; People v. Cohen, 352 Ill 380, 185 NE 608; People v. Pernalsky, 334 Ill 38, 165 NE 190, and People v. Struble, 275 Ill 162, 113 NE 938. Those judgments were reversed and the causes remanded, and under that authority we reverse the judgment against Jamison and remand the cause for a new trial.

Reversed and remanded.

DEMPSEY, P. J. and SCHWARTZ, J., concur.