**The People of the State of Illinois, Plaintiff-Appellee,
v. Joseph B. McClure, Defendant-Appellant.**

**Gen. No. 67–96.**

Second District.

March 28, 1968.

Rehearing denied April 24, 1968.

Anna R. Lavin and Samuel V. P. Banks, of Chicago, for appellant.

William V. Hopf, State's Attorney of DuPage County, of Wheaton, and Kevin P. Connelly, Assistant State's Attorney, for appellee.

MR. JUSTICE MORAN delivered the opinion of the court.

Defendant was tried and convicted of burglary under section 19–1(a) of the Criminal Code (Ill Rev Stats 1965, c 38, § 19–1(a)). He was sentenced to a term of not less than two nor more than ten years in the state penitentiary. He appeals from that judgment charging that there was a fatal variance between the allegations of the information and the proofs, that irrelevant and immaterial evidence was admitted and that there was error committed in connection with the instructions presented to the jury.

The defendant was charged with the offense of burglary in that he, ". . . without authority, knowingly entered into a building owned by Schuham's Ace Hardware Store, Inc., a corporation, located at 479 Roosevelt Road, Glen Ellyn, Illinois, with intent to commit therein a theft . . ." The evidence was that the building in question was owned by one Pasquale Mazza. Mr. Mazza occupied a portion of the building and leased the remainder of the building to Schuham's Ace Hardware Store, Inc., referred to hereinafter as Schuham.

The facts of the case indicate that a burglar alarm, connected to the local police station from the building in question, sounded at three minutes past midnight on the evening of December 21–22, 1965. An alert was radio dispatched and received by a police officer in a squad car about 150 feet from the parking lot of Schuham's store. The officer entered the parking lot and, hearing sounds from the roof, climbed the wall of the building to see a person, whom he identified as the defendant, running across the roof of the building. The police officer pursued the person and fired a shot at him. The

person jumped from the roof but, by this time, other officers had arrived and took up the chase. A second officer ran across the street, where he saw the person (whom he also identified as the defendant) and fired a shotgun at the person. The chase continued, with the officers sometimes losing track of the fleeing party and attempting to follow his tracks in the snow and wet ground. The party was next sighted in a parking lot a block and one-half west of the store and was finally apprehended in a field about a quarter of a mile east of the store.

An examination of the building indicated that a hole had been cut through the roof of the building and into the ceiling of the hardware store section of the building. A safe in the hardware store had been opened and a cash box from the safe, containing some $600 in money, was found on the roof.

██ The first question presented to us is whether there was a fatal variance between the charge and proof of ownership of the building. The statute in question provides:

> "(a) A person commits burglary when without authority he knowingly enters or without authority remains within a building, house trailer, watercraft, aircraft, motor vehicle as defined in the Illinois Motor Vehicle Law approved July 11, 1957, as amended, railroad car, or any part thereof, with intent to commit therein a felony or theft. . . ."

It has been established by case law that ownership is an essential element of a burglary charge and must be proved by competent evidence. In People v. Picard, 284 Ill 588, 120 NE 546 (1918), the court said, at page 590, as follows:

> "An indictment or information must allege all the facts necessary to constitute the crime with which

the defendant is charged, and if it does not set forth such facts with sufficient certainty it will not support a conviction. (People v. Stoyan, 280 Ill 300.) Except in so far as the rule may be changed by statute, an indictment for burglary, whether it comes under the common law or under a statute, must allege the ownership of the building broken or entered, if it is known, or it will be fatally defective. (6 Cyc 209.) This indictment contains no allegation of the ownership of the freight car alleged to have been entered or broken into. The allegation that the car was in the possession of and being used by the Illinois Central Railroad Company is not a sufficient allegation of ownership. Had the indictment expressly alleged that the car was owned by the Illinois Central Railroad Company, proof that it was in the possession of that corporation would have been sufficient prima facie to sustain the allegation of ownership. In an indictment for burglary the ownership of the building entered may be laid in the occupant, whose possession is rightful as against the burglar. (Smith v. People, 115 Ill 17.) It is not sufficient, however, in the indictment to merely plead the evidence of ownership, but the ownership must be specifically alleged."

However, see, People v. Peck, 29 Ill2d 480, 482–484, 194 NE2d 245 (1963).

In People v. Smith, 341 Ill 649, 173 NE 814 (1930), the defendants were charged with burglary of the dwelling house of Chester Olenec and the larceny of his property. At the trial one Nellie Olenec testified that she resided at the property in question with her husband without naming him.

The Supreme Court, at page 652, pointed out that the object in naming the person injured in a criminal prosecution is identification so that the accused cannot be again tried for the same offense, and where the record

454

shows that the identity of the person injured is completely established beyond a reasonable doubt, that will be sufficient though proof of the Christian name may not be made, as where identity is shown by proof of the deceased's occupation and he was the only one of that occupation in the town or where the injured person testified, giving for his Christian name initials or abbreviations, but the circumstances leave no doubt of his identity as the injured person. There was no proof offered here that the husband of the witness, Nellie Olenec, was Chester Olenec or that the things stolen were the property of Chester Olenec and, for that reason, the judgment was reversed and remanded.

A virtually identical situation occurred in People v. Walker, 7 Ill2d 158, 130 NE2d 182 (1955), where the defendants were charged with breaking and entering the dwelling house of Anthony Wright with intent to steal the personal goods of Anthony and Ophelia S. Wright. The only evidence bearing on the allegations was from a witness who identified herself as Mrs. Octavia S. Wright. She testified to her apartment having been burglarized and certain items belonging to her husband as having been taken. Again, the witness did not name her husband and as a result, neither the names of Anthony Wright or Ophelia Wright appear in the testimony. The court again reversed and remanded the cause and, in its opinion, pointed out that the purpose served by alleging the name of the person or property injured is to enable the accused to plead to a former acquittal or conviction under the indictment in the event of a second prosecution for the same offense. The court further pointed out that, since the requirement is founded upon the protection of the right of the accused against double jeopardy, it is a substantial requirement designed to safeguard a constitutional right and not a mere technical rule, citing People v. O'Brien, 404 Ill 236, 88 NE2d 486 (1949).

In People v. O'Brien, supra, the charge was malicious mischief of a dwelling house owned and occupied by one Charles Stransky, who testified that he lived at the address in question, described the property as a one-story building with two stores and he stated that he lived in back of one of the stores in three rooms composed of a kitchen, two bedrooms and a hall. There was no proof offered as to ownership of the property or of the two storerooms or the three rooms occupied by Stransky as living quarters. The Supreme Court held that the state failed to sustain the burden of proof as to ownership. Because of a failure to prove any type of ownership or right of possession by Stransky, the judgment was reversed.

We feel that the cases cited above all tend to support the position taken by the defendant here.

On the other hand, in People v. Kreisler, 381 Ill 453, 45 NE2d 653 (1942), the charge was burglary of a store building of Leman Philbrook and Julius Voelker, partners, doing business as Philbrook and Voelker, with intent to steal property of the partnership. The proof was that the building was owned by Philbrook and his wife and that they received rent from the partnership funds of Philbrook and Voelker. In affirming the judgment and finding no fatal variance, the Supreme Court said, at page 457:

> "In burglary, the ownership of the building entered may be laid in the occupant whose possession is rightful as against the burglar. (People v. Callahan, 324 Ill 101; People v. McCabe, 306 id. 183; People v. Fitzgerald, 297 id. 264; Flanagan v. People, 214 id. 170; Smith v. People, 115 id. 17.) Philbrook and Voelker were in possession of the men's clothing store burglarized and, as partners, they were the owners of the property stolen. Their special ownership or interest in the property burglarized was sufficient to prove ownership as against defendants. The con-

456

tention that the variance between the indictment and the proof was fatal, it follows necessarily, cannot be sustained."

In People v. Stewart, 23 Ill2d 161, 166–168, 177 NE2d 237 (1961), the charge was burglary of a building "then and there occupied and in the possession of Golden Cream Dairy Inc., a Corporation, . . ." Defendant contended that the indictment was fatally defective in that there was no allegation as to the ownership of the building. The Supreme Court in denying this contention referred to an opinion by Justice Burch of the Supreme Court of Kansas in State v. Toliver, 109 Kan 660, 202 P 99; 20 ALR 502, 507, wherein it was pointed out that the purposes of pleading ownership is to preserve the defense of double jeopardy, to show that the building was not the property of the accused and, to thereby negate his right to enter it. The court went on to state that an allegation of ownership may be established, not by proof of ownership, but by proof of occupancy and possession, and the requirement that ownership must be alleged has become an empty formality. The premises involved are effectively identified and the rights of the accused are fully protected by an indictment that charges the unlawful entry of the building in the possession of another and such indictment is sufficient.

In People v. Figgers, 23 Ill2d 516, 519, 179 NE2d 626 (1962), the indictment was for breaking and entry of the "factory-office" of the Western Medical Corporation with intent to steal its property. The proofs were that Western Medical owned and occupied the building but that a portion of the building was occupied by Xttrium Corporation and that the property taken was the property of Xttrium. It was also established that Xttrium was a subsidiary of Western Medical and that the physical offices of the two corporations were on the same floor and only partially separated by a partition. The court held that this did not constitute a fatal variance

and pointed out that immaterial matters, or matters which may be omitted from an indictment without rendering it insufficient or doing damage to the material averments, may be regarded as surplusage, citing People v. Osborne, 278 Ill 104, 115 NE 890; and People v. Moore, 368 Ill 455, 14 NE2d 494.

In People v. Foster, 30 Ill2d 106, 108, 195 NE2d 700 (1964), the indictment charging burglary alleged that defendants broke into the dwelling house of Wilse Nickerson with intent to steal his personal property. Nickerson testified he lived in the downstairs apartment and stored certain of his property in the basement. Against the defendant's contention that the proof showed that Nickerson was a tenant rather than an owner and that the evidence was insufficient to establish the ownership of the building the Supreme Court held that, in burglary prosecutions, proof of occupancy and possession is sufficient and it is unnecessary to allege or prove the legal ownership of the property.

■ When we examine the present case in light of the more recent decisions of the Supreme Court and in light of the basic reasons for the existence of the rules to make the protection of the defense against double jeopardy and the requirement of proving that the defendant had entered someplace where he had no right to be, we feel that the variance in this case is not fatal and the conviction should not be subject to reversal on this basis. The entry was made into a store property occupied by Schuham pursuant to a lease from Mazza. Insofar as the defendant is concerned, Schuham had all indicia of occupancy and right to possession. The charge is sufficient to negate any right on the part of the defendant to enter the property by making a hole in the roof and ceiling of the hardware store premises and there can be no doubt that the pleading is sufficiently specific to preclude the defendant from running the risk of double jeopardy.

■ During the trial of the case, testimony was offered that, when an investigation of the store was made, a large safe was found broken open. Also found was money in front of the safe on the floor and a two-pound hammer and a punch. These tools were apparently new tools and were similar to many others in the stock of the hardware store. Defendant contends that error was committed in admitting these exhibits and submitting them to the jury. We find no merit in this contention. These particular items were found on the floor directly in front of the safe. They were likely used in the opening of the safe. They were properly identified and their possession and condition until the date of the trial was established. We feel they were properly admitted as circumstantial evidence.

■ Finally, error is urged with respect to the instructions. The court gave an instruction over the objection of the defendant as follows:

> "You are instructed that under the laws of this State, a person intends, or acts intentionally or with intent, to accomplish a result or engage in conduct described by the Statute defining the offense, when his conscious objective or purpose is to accomplish that result or engage in that conduct."

The defendant charges error on the basis that the foregoing instruction pertains to implied or presumptive intent and that in the offense of burglary specific intent is an essential element of the offense. The instruction is taken verbatim from section 4–4, chapter 38, Ill Rev Stats 1965, and was proper. The instruction does not create a presumptive intent but merely defines a word used in the statute and in the information pertaining to the alleged crime.

■ The defendant also urges error in the failure of the court to give the following instruction:

459

"You are instructed that matters of fact, if any, which are left uncertain by the evidence, cannot be made certain to the prejudice of the defendant by inference. In the absence of evidence, no inference can be drawn by the jury against the defendant, but on the contrary, all the inferences and presumptions consistent with the facts proved are to be drawn and indulged in favor of innocence."

The instruction properly stated the law. People v. Bradley, 375 Ill 182, 30 NE2d 636 (1940) ; People v. Ibom, 25 Ill2d 585, 592, 185 NE2d 690 (1962).

■ The abstract does not contain all of the instructions so we have referred to the original record. We note that the State tendered 12 instructions, all of which were given. Among these was an instruction, No. 7, on the presumption of innocence and advising the jury that the State has the burden of establishing, beyond a reasonable doubt, the guilt of the defendant.

The defendant tendered 17 instructions of which eight were given, six refused and three withdrawn. Among the instructions tendered by the defendant and given was another instruction on the presumption of innocence, one on the burden of proof, an instruction prohibiting conviction on a probability or suspicion of guilt alone and also an instruction with reference to the necessity of proving the identity of the defendant beyond a reasonable doubt.

We do not believe that under these circumstances prejudicial error was committed in refusing to give the defendant's instruction hereto referred to.

Judgment affirmed.

ABRAHAMSON, P. J. and SEIDENFELD, J., concur.