**People of the State of Illinois, Plaintiff-Appellee, v. Joseph Knox (Impleaded), Defendant-Appellant.**

**Gen. No. 51,778.**

First District, Third Division.

July 15, 1968.

Gerald W. Getty, Public Defender of Cook County, of Chicago (Shelvin Singer and James J. Doherty, Assistant Public Defenders, of counsel), for appellant.

John J. Stamos, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and James R. Truschke, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE SULLIVAN delivered the opinion of the court.

This is an appeal from a conviction of burglary. After a trial without a jury the trial judge sentenced the defendant to a term of two to four years in the penitentiary.

The defendant contends on appeal that the evidence adduced at trial did not support the allegation contained in the indictment that the burglarized premises were the premises of "H & K Realty Co., Inc., a corporation." The defendant also contends that there was a fatal variance between the description of the premises as a "tavern" and the proffered proof at trial because it was established that the premises were not in use as a tavern at the time of the burglary.

It is well established in this state that a burglary indictment must be sufficiently specific as to ownership or possession to enable the defendant to adequately prepare his defense and to protect him from subsequent prosecution for the same offense. People v. Wilson, 24 Ill2d 598, 182 NE2d 683; People v. Walker, 7 Ill2d 158, 130 NE2d 182.

In a burglary prosecution, the state need not plead or prove ownership of or precise legal title to the burglarized premises; rather the state need only plead and prove occupancy of or possession in the party whose occupancy or possession is rightful as against the burglar. People v. Kreisler, 381 Ill 453, 45 NE2d 653. The defendant argues that there was no evidence that H & K Realty Co., Inc. was acting in any capacity other than as a mere rental agent of the premises burglarized. The record contains the unrefuted testimony of the secretary of the company that the property was under the domain and control of H & K Realty Co. This testimony was buttressed by evidence that the company was the first and only party notified that the burglary had in fact occurred. Therefore this court cannot agree that the trial court erred in finding that the requisite possessory

interest of H & K Realty Co. was established in accord with the allegations in the indictment.

The defendant contends that there was a fatal variance between the allegations of corporate character in the indictment and the proof at trial regarding this corporate possession of the premises. The thrust of this contention is that the identity of the corporate possessor of the premises as set forth in the indictment was not adequately proven by the evidence. With this contention we cannot agree. The relevant evidence at trial was contained in the testimony of the Secretary of the company that "H & K Realty" was a corporation and was licensed to do business in the state of Illinois. The defendant emphasizes the omission of the precise "H & K Realty Co., Inc." language which was employed in the indictment, and therefore concludes that such an omission results in a fatal variance. Again, we cannot agree. This testimony was unrefuted and was not objected to at trial. Corporate existence can be proved by oral testimony, taken without objection, by an officer of the corporation. People v. Panczko, 381 Ill 625, 46 NE2d 28; People v. Burger, 259 Ill 284, 102 NE 751. Such clear testimony of incorporation of the company obviated any need for the court to have to infer the fact of incorporation from the evidence in the case at bar.

The defendant relies on a recent decision of this court and on the cases cited therein. People v. Jamison, 92 Ill App2d 28, 235 NE2d 849. In that case a burglary conviction was reversed and remanded because there was no evidence or mention of two of the three co-partners alleged in the indictment to be the owners of the burglarized premises. People v. Jamison, supra, is clearly distinguishable from the case at bar because the Jamison court was confronted with a total lack of any evidence to enable it to conclude who, in fact, was in possession of the premises. On page 31, the court said:

273

"In the case at bar one copartner of a store testified as to his own membership therein. No mention was made of the other two persons named in the indictment. While it may be that they indeed were the true partners of Bellamy, no such proof was made and no such conclusion can be had *from a total lack of evidence*. The State failed to prove an essential element of the crime as charged and, therefore, Jamison's conviction cannot stand." (Emphasis supplied.)

In the case at bar, this court is not faced with such an absence of proof in view of the aforementioned testimony of the secretary of the realty company.

 Another argument advanced by the defendant is that the use of the descriptive word "tavern" in the indictment reveals a fatal variance since the premises were not being used for any business at the time of the burglary and since no street address was set forth in the indictment. The street address of the burglarized premises does not have to be mentioned in the indictment. People v. Reed, 33 Ill2d 535, 213 NE2d 278. See also People v. Petropoulos, 59 Ill App2d 298, 208 NE2d 223 (affirmed 34 Ill2d 179, 214 NE2d 765). In the present case, tavern fixtures were still on the premises as was a sign designating the premises as such. The fact that the tavern was temporarily closed does not render such a designation as fatally defective. The absence of the address in the indictment does not create the threat of the defendant's being placed in double jeopardy because an accused in a subsequent prosecution may introduce the record of a former prosecution to establish his defense of prior jeopardy. People v. Jankowski, 391 Ill 298, 63 NE2d 262; People v. King, 50 Ill App2d 421, 200 NE2d 411. The record in the case at bar contains several disclosures of the precise address of the tavern.

These disclosures were given by the secretary of the realty company and by the arresting police officers.

In light of the foregoing discussion, the conviction is affirmed.

Affirmed.

DEMPSEY, P. J. and SCHWARTZ, J., concur.