**People of the State of Illinois, Plaintiff-Appellee, v. Ronald Lee Ogden, Defendant-Appellant.**

Gen. No. 69–59.

Fifth District.

March 30, 1970.

Donald L. Metzger, Vuagniaux & Metzger, of Edwardsville, for appellant.

William J. Scott, Attorney General of State of Illinois, of Chicago, Morton E. Friedman, Assistant Attorney General, of Chicago, and R. W. Griffith, Jr., State's Attorney of Madison County, of Edwardsville, for appellee.

MORAN, P. J.

Defendant, Ronald Lee Ogden, was convicted of burglary in a jury trial in the Circuit Court of Madison County and sentenced to the penitentiary for a term of three to eight years.

Defendant's only contention is that the prosecution failed to prove the ownership of the property burglarized beyond a reasonable doubt as alleged in the indictment which stated that defendant "knowingly entered into a building, known as Tobey's Tavern, located at 129 East Alton Avenue, East Alton, Illinois, owned by Clyde De Gerlia and being leased by Madeline Gibson."

The proof with respect to these allegations shows that the building in question is located at 129 East Alton Avenue and is known as Tobey's Tavern. Madeline Gibson is the operator and sole proprietor of this business and had never given defendant authority to enter the storeroom, where he was found.

Both parties have conceded that no other competent evidence was introduced to prove that Clyde DeGerlia owned the building or that Madeline Gibson leased it.

Defendant relies on the elementary proposition that ownership of a premises is an essential allegation of an indictment for burglary and that such allegation must be proved as laid, People v. Mosby, 25 Ill2d 400, 185 NE2d 152; People v. Walker, 7 Ill2d 158, 130 NE2d 182; People v. O'Brien, 404 Ill 236, 88 NE2d 486; People v. Jamison, 92 Ill App2d 28, 235 NE2d 849, and this is

true even if alleged with unnecessary particularity. People v. Clavey, 355 Ill 358, 189 NE2d 364. A strict application of this rule would require reversal in this case since no evidence of ownership has been adduced and it has not been shown that Madeline Gibson was operating this tavern under a lease.

However, recent cases have indicated that every variance with respect to a material allegation is not, per se, a fatal defect, People v. Harden, 42 Ill2d 301, 247 NE2d 404; People v. Knox, 98 Ill App2d 270, 240 NE2d 426; People v. McClure, 93 Ill App2d 450, 235 NE2d 677, and it is sufficient to plead and prove occupancy or possession in a party which is rightful as against the burglar. People v. Lymore, 25 Ill2d 305, 185 NE2d 158; People v. Stewart, 23 Ill2d 161, 177 NE2d 237.

These cases have avoided rigid formality and have looked to the functions of the material allegations of the indictment which are to show that the premises burglarized was not the property of the defendant, to enable the accused to prepare for trial and to plead an acquittal or conviction in bar of a subsequent prosecution for the same offense. Where these functions of the allegation and proof of ownership have been realized, the conviction should not be reversed for harmless variance. People v. Harden, supra; People v. Stewart, supra; People v. Kreisler, 381 Ill 453, 45 NE2d 653.

For example, in People v. McClure, supra, the indictment alleged that the defendant "without authority, knowingly entered into a building owned by Schuham's Ace Hardware Store, Inc., a corporation, located at 479 Roosevelt Road, Glen Ellyn, Illinois, with intent to commit therein a theft." The evidence showed that the building in question was owned by one Pasquale Mazza. Mr. Mazza occupied a portion of the building and leased the remainder of the building to Schuham's Ace Hardware Store, Inc.

In upholding the conviction, the court stated at page 458:

"When we examine the present case in light of the more recent decisions of the Supreme Court and in light of the basic reasons for the existence of the rules to make the protection of the defense against double jeopardy and the requirement of proving that the defendant had entered someplace where he had no right to be, we feel that the variance of this case is not fatal and the conviction should not be subject to reversal on this basis. The entry was made into a store property occupied by Schuham pursuant to a lease from Mazza. Insofar as the defendant is concerned, Schuham had all indicia of occupancy and right to possession. The charge is sufficient to negate any right on the part of the defendant to enter the property by making a hole in the roof and ceiling of the hardware store premises and there can be no doubt that the pleading is sufficiently specific to preclude the defendant from running the risk of double jeopardy."

In the present case Madeline Gibson had all indicia of ownership and right to possession which was rightful as against defendant. The premises involved are effectively identified both in the indictment and in the evidence, and the defendant would be fully protected in a subsequent prosecution for this offense, since in a subsequent prosecution he may introduce the record of this case to establish his defense of prior jeopardy. People v. Knox, supra.

For the foregoing reasons the defendant's conviction is affirmed.

Judgment affirmed.

GOLDENHERSH and EBERSPACHER, JJ., concur.