THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. GARRETT D. PALMER, Defendant-Appellant.

(No. 55834;

First District—March 3, 1972.

Gerald W. Getty, Public Defender, of Chicago, (Shelvin Singer and James J. Doherty, Assistant Public Defenders, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and Terry M. Gordon, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE ENGLISH delivered the opinion of the court:

*Offense Charged*

Burglary. Ill. Rev. Stat. 1969, ch. 38, par. 19—1.

*Judgment*

After a bench trial, defendant was found guilty and sentenced to a term of 4 to 12 years.

*Issue Raised on Appeal*

A variance existed between the indictment and the proof at trial which was so prejudicial as to deprive defendant of due process of law.

*Indictment*

"* * * Defendant committed the offense of burglary in that he, without authority, knowingly entered into a building, to wit: store of S. Zeitlin & Sons, Inc., a corporation, with the intent to commit the crime of theft therein * * *."

*Evidence*

*Stipulation:*

The prosecutor and defense counsel stipulated that if Samuel Zeitlin, the owner of the burglarized premises, were in court, he would testify, in part, that "he gave no one permission to enter his premises on September 27, 1970, * * * People's Exhibit No. 1 for identification [a radio] is the property of Zeitlin Corporation, * * * that the Zeitlin Company is a corporation which is licensed to do business in Illinois * * *."

*Salvatore Amico*, a Chicago police officer, for the State:

On September 27, 1969, at approximately midnight, he and his partner were on patrol when they received a radio message telling them to proceed to 1755 W. 63rd Street, the location of Zeitlin's Furniture. As they arrived at the scene, the store's burglar alarm was ringing, and they observed a man standing inside the display window placing merchandise on the sidewalk outside of the window. When the man noticed the police car, he fled on foot, but the officers gave chase in the patrol car and arrested him a few minutes later in an alley a short distance from the store. Officer Amico identified defendant as the man he had seen in the store's display window and subsequently arrested.

*Garrett Palmer*, defendant, in his own behalf:

On the evening in question, he got off the bus and started to walk toward his home on the side of the street opposite the burglarized store. He was slightly intoxicated. Looking across the street, he saw a broken window and some merchandise stacked outside the window. He heard no burglar alarm and saw no one else in the vicinity. When a police car approached, he panicked and ran. He was chased by two police officers and arrested. He was then taken back to "Zeitlin's Furniture Store."

*Opinion*

Defendant's sole issue on appeal is that there was a fatal variance between the indictment and the proof in that the indictment charged him with burglarizing the store of "S. Zeitlin & Sons, Inc., a corporation," whereas the trial evidence proved the burglarized store to be that of either "Zeitlin Corporation," "Zeitlin Company," or "Zeitlin's Furniture Store." He argues that the variance deprived him of a fair trial and left him in danger of double jeopardy.

■■ A burglary indictment must allege the ownership of the victimized premises. (*People v. Mosby,* 25 Ill.2d 400, 402, 185 N.E.2d 152, 153.) This obviously meets the requirement of showing lack of possessory authority in the accused, but, more importantly, it serves the two main purposes of informing the accused of the charge against him so as to enable him to prepare his defense and to avoid a second prosecution for the same offense. (*People v. Collins,* 125 Ill.App.2d 138, 142, 260 N.E.2d 30, 32.) A material variance between the allegation of ownership in the indictment and the proof at trial could take defendant by surprise, rendering useless his prepared defense, or it could result in defendant's being subjected to the danger of a second prosecution, whether found guilty or not at the first trial.

■■ We take notice that there is a difference between the precise terms of ownership in the indictment and the evidence of ownership presented at trial. However, not every variance is a fatal defect for which a conviction must be overturned (*People v. Merrill,* 76 Ill.App.2d 82, 87, 221 N.E.2d 145, 148) and should not be overturned on that account, if the two pertinent objectives of the indictment are realized, as referred to above. *People v. Ogden,* 123 Ill.App.2d 46, 48, 259 N.E.2d 361, 362.

■■ In the instant case, the burglarized premises were referred to by four different names, one specific corporate name in the indictment, and three other similar names in the proof. However, defendant was not prejudiced in regard to his trial preparation as he had moved for and received a Bill of Particulars which included the specific address of the victimized premises. (See *People v. Taylor,* 13 Ill.2d 215, 216, 148 N.E.2d 761, 762.) Since defendant knew before trial the exact nature of the charge against him and could prepare an adequate defense, one purpose of the indictment was accomplished. The very fact that defendant proceeded to trial and conducted his defense on the merits shows that he was aware of the precise identity of the premises involved. Also, since defendant answered a question put to him by his own attorney regarding "Zeitlin's Furniture Store," and since defendant stipulated to the testimony of the owner, Samuel Zeitlin, which mentioned the

name of the store as being either "Zeitlin Corporation" or "Zeitlin Company," it is obvious that defendant had actual knowledge that the four different names identified the same premises.

■■ The other function of the indictment, protection against double jeopardy, was achieved through the testimony at trial. The testimony of the arresting officer again brought out the address of the store. The indictment, the stipulation, and certain questions on direct examination of defendant by defense counsel brought out the four names which were used interchangeably for the victimized premises. The record of this case, then, effectively identified the premises involved, and defendant may have recourse to the record to establish a defense of prior jeopardy in a subsequent prosecution for the same offense. *People v. King,* 50 Ill.App.2d 421, 430, 200 N.E.2d 411, 415.

Since the facts leave no doubt as to the identity of the burglarized store and there is no showing that the variance has in any way prejudiced defendant, the variance, such as it is, was a harmless one, and the conviction must stand. *People v. Nelson,* 17 Ill.2d 509, 512, 162 N.E. 2d 390, 392.

The judgment of the Circuit Court is affirmed.

Judgment affirmed.

LORENZ, P. J., and DRUCKER, J., concur.