THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* WILLIAM WESLEY MC CLAIN, Defendant-Appellee.

(No. 71-282; )

Second District—July 11, 1972.

Matthew J. Moran, of Defender Project, of Chicago, for appellant.

Philip G. Reinhard, State's Attorney, of Rockford, for the People.

Mr. JUSTICE GUILD delivered the opinion of the court:

The defendant herein was indicted for theft by deception, was tried by a jury, and upon conviction was sentenced to 2-10 years in the state penitentiary.

The defendant raises two questions in this appeal. The first contention is that the State failed to prove ownership of the property, and the second is that the sentence was excessive.

Two other parties were involved directly or indirectly with the defendant in the instant offense, one being Kenneth Whitley, the name Kenneth White being used as well, and the other is Ivanhoe J. Overturf.

On March 10th, 1970, a Steven L. Triplett opened an account at the Alpine State Bank by depositing $100 in cash. The account was opened in the name of Quality Roofing Company, Steven L. Triplett, Sr. No subsequent deposits were made.

A Glen Klein testified that on March 28th the defendant came into the Pacer Liquor Store and presented a check of Steven L. Triplett, Sr., Quality Roofing Company, payable to Kenneth White in the sum of $158.62. Klein testified that the defendant signed the check in his presence under the name of Kenny White. The defendant testified that on that date he went to Chucks Pacer Liquors and that Ken White, sometimes known as Whitley, gave him the check to cash. The defendant further testified that White (Whitley) endorsed it and gave it to him. Upon cross examination he admitted that he endorsed the check "Kenny White" in the presence of Klein. The check was in the amount of $158.62. He bought a bottle of beer and left the premises and the check, of course, failed to clear.

On April 3rd, 1970, the defendant went to the Railroad Avenue Tap where he presented a check for $153.84, the check of Steven L. Triplett, Sr., Quality Roofing, signed by Steven L. Triplett, Sr. in the sum of $153.84 payable to Kenneth White. He cashed the check in the liquor

store and purchased a beer and was given the proceeds of the check less the cost of one beer. The bartender gave the defendant a pen and the defendant endorsed it "Kenny White." This check was returned from the bank "account closed."

On the same day, April 3, 1970, it appears the defendant together with Overturf and White (Whitley) went to Cal's Liquor Store. The defendant went into the store and again presented a check dated April 3rd, 1970, of Steven L. Triplett, Sr., Quality Roofing, signed Steven L. Triplett in the amount of $153.84. The proprietor had his employee, Collier Rutledge, call the police. When the police were called, the defendant hurriedly left the liquor store and Collier Rutledge shot twice in the air to stop him. The defendant testified he had come to the liquor store with Ivanhoe Overturf and Kenneth White (Whitley). He also testified that Kenneth White (Whitley), left the car on foot when he ran out. The defendant then entered the 1964 Cadillac of White (Whitley) and was driven off by Overturf. By this time the police had been alerted and they gave chase. As they were chasing the two men various papers were thrown out of the window of the car. The defendant's car in the city of Rockford was driven without lights, went through two red lights, and attained speeds of 65 or 70 mph until it finally stopped when it ran into a parked vehicle. The defendant and the other occupant of the car, apparently Overturf, took off on foot. The two policemen chased them and the defendant was apprehended. The gray '64 Cadillac had no license plates. 1970 license plates issued to Kenneth Whitley were subsequently found in the trunk of the car. One of the officers chasing defendant's car testified that the defendant, not Overturf, was driving the car. Upon being taken to the station the defendant at first acquiesced that his name was Kenneth White and he had on his person the driver's license of Kenneth White. He subsequently admitted that his name was William Wesley Mc Clain. Overturf was apparently tried separately and convicted of forgery.

When the officers examined the car the checks of "Steven L. Tripplett, Sr., Quality Roofing", all dated April 3, 1970, and payable to "Ronnie Collins" and all in the amount of $146.69 fell from one of the visors of the car. Two similar checks bearing the same date and payable to "Kenneth White" in the amounts of $153.84 fell from the other visor.

The indictment herein charges theft by deception from James W. Fuller and John Anderson, a partnership doing business as Railroad Avenue Tap. The defendant contends that the testimony as to the owner-ship of the Railroad Avenue Tap was insufficient. Examination of the record discloses that the bartender was employed by Railroad Avenue Tap and testified that the Railroad Avenue Tap was owned by Jim

Fuller and John Anderson, a partnership. On cross examination he further testified that Anderson and Fuller were working as partners. The defendant contends the evidence was not sufficient to prove the ownership of the property involved herein and that the evidence pertaining to the ownership of the Railroad Avenue Tap is a variance from the indictment. In support of this contention the defendant has cited a series of cases pertaining to burglary, the first of which is *People v. Jamison* (1968), 92 Ill.App.2d 28, 235 N.E.2d 849 in which the court held that proof of ownership was insufficient where one co-partner testified and no mention was made of the other two persons (apparently partners), and that there was therefore no proof of the ownership of the other partners. A number of cases prior to 1968 were cited therein. The same court in *People v. Knox* (1968), 98 Ill.App.2d 270, 240 N.E.2d 426 distinguished *Jamison* and held that an indictment naming a realty company as possessor of the premises rather than the actual owners was sufficient. The same court again distinguished *Jamison* in *People v. Collins* (1970), 123 Ill.App.2d 138, 260 N.E.2d 30, and held that where the indictment alleged that the ownership of the property burgled was in the name of an individual and that when the proof showed that the property in fact was owned by a corporation, that the variance was not fatal.

More important than this line of cases starting with *Jamison* is the Supreme Court case of *People v. Harden* (1969), 42 Ill.2d 301, 247 N.E.2d 404. In that case the defendant was charged with the theft of a ring of one Gordon Brantley. The proof showed that the property was owned by a partnership and the court held that this was a harmless variance. Likewise, in *People v. Ogden* (1970), 123 Ill.App.2d 46, 259 N.E.2d 361 the court recognized the more enlightened viewpoint in harmless variances between the indictment and the proof, and in quoting *People v. Harden* and *People v. Knox* stated:

"However recent cases have indicated that every variance with respect to a material allegation is not, *per se*, a fatal defect."

The court went on to say that it was sufficient to plead and prove occupancy or possession as against the rights of a burglar. (See also *People v. Stewart* (1961), 23 Ill.2d 161 at 167, 177 N.E.2d 237.) As stated in *Ogden* and *Harden*, the purpose of alleging ownership in an indictment is to enable the accused to prepare for trial and to plead acquittal or conviction in bar of a subsequent prosecution for the same offense. Attention is also directed to the cases cited, and the opinion of this court in *People v. Springs and White* (1972), 2 Ill.App.3d 817, 277 N.E.2d 764.

■■ While the case before us is not a burglary case the same principle applies. The defendant obtained money with a worthless check from a

bartender employed by a partnership. He was fully advised by the terms of the indictment as to where the money came from. In addition to that, the bartender employed by the partnership named the partners as owners of the Railroad Avenue Tap in his testimony. That is sufficient to protect the rights of the accused. The contention of the defendant that the evidence was insufficient in this regard is without merit.

■■ The defendant testified in his own behalf and in substance to the effect that he was an innocent dupe in the transaction. The evidence does not so indicate. Prior to his trial he was granted a psychiatric examination and the psychiatrist advised that he was not suffering from any mental disturbance. He applied for probation. While the defendant contends that he had been convicted of a prior felony when he was 19 years old in 1953, the record discloses that he served a period of 38 months on a breaking and entering charge in the State of Iowa, that he violated his probation, was returned to the penitentiary, and completed his sentence. It is to be noted that at the expiration of his sentence for that felony he was 25 years of age. This court has repeatedly stated that the trial court is ordinarily in a far better position to determine the minimum and maximum penalty to be imposed than this court. Under the facts of this case the Probation Department did not recommend probation and the court imposed a sentence of 2-10 years in the penitentiary. In view of the above, the sentence imposed is not excessive. The judgment of the Circuit Court of Winnebago County is affirmed.

Judgment affirmed.

SEIDENFELD, P. J., and T. MORAN, J., concur.