THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CLINTON BRISTOW *et al.*, Defendants-Appellants.

(No. 55100; )

First District—November 28, 1972.

Ruth Nordenbrook Barnes and Melvin B. Goldberg, both of Chicago, for appellants.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and William K. Hedrick, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE LEIGHTON delivered the opinion of the court:

A two-count indictment charged defendants Clinton Bristow, John Trimble and Roland Person with burglary and criminal damage to property. They were tried by a jury that acquitted them of burglary but found them guilty of the criminal damage charge. After hearing and overruling post-trial motions, the trial court heard evidence in aggravation and mitigation. It appears from this evidence that Clinton Bristow was 20 years old; John Trimble and Roland Person, 19 years old; that they were junior-year students at Northwestern University in Evanston, Illinois; and that prior to this prosecution, none of them had ever been arrested for, charged with, or convicted of a crime. The court admitted each defendant to three years probation.

In this appeal, they present two issues. (1) Whether there is a fatal variance between allegations of the indictment and the proof as to ownership of the property which was the subject of criminal damage. (2) Whether the evidence proved beyond a reasonable doubt that defendants were guilty of criminal damage to property.

This evidence shows that at approximately 8:30 P.M. on March 4, 1969, a group of about 20 Northwestern University students entered the Triangle fraternity house in Evanston, Illinois. Other than that suggested by the group's conduct, the record does not disclose the reason for this entry. While in the house approximately two minutes, the students broke thirteen windows, damaged furniture, smashed dishes, chairs and lamps. A fraternity member, Anthony Kestian, saw defendant Trimble in the group. Another fraternity member, John Lamb, saw defendant Bristow (also in the group) throw a lamp and then saw Bristow and Trimble overturn chairs. Lamb also saw defendant Person run out the back door of the fraternity house when the students fled. The police were called and Lamb told them he could identify three of the students. At the same time, he gave the names of Bristow and Trimble. The next day, after examining photographs, Lamb was able to recall the name of the defendant Roland Person. Later, defendants were arrested and the indictment followed.

In the count that charged criminal damage to property, it was alleged "* * * that [defendants] knowingly damaged a building, to-wit:

fraternity house of Triangle Housing Association, a corporation ⁕ ⁕ ⁕."
At the trial, the State proved that the fraternity house was owned by
Northwestern University; and that at the time in question, the building
was leased to the Housing Association of Northwestern University
Chapter of Triangle, an Illinois corporation. During presentation of
the defense, the State accepted a stipulation and agreed that there was
no Illinois corporation named Triangle Housing Association but that
there was a corporation chartered in this State and known as the Housing
Association of Northwestern University Chapter of Triangle. This re-
vealed a difference between what was alleged in the indictment and what
was proved. It is this difference that gives rise to the issue whether there
is a fatal variance between the allegations of the indictment and the
proof.

■■ In the prosecution of offenses against persons or property, the
charge must allege the name of the person or property injured, if known.
(*People v. O'Brien,* 404 Ill. 236, 238, 88 N.E.2d 486.) If the offense is
against property, the allegation of ownership is essential. The allegation
must be proved. (*People v. Mosby,* 25 Ill.2d 400, 402, 185 N.E.2d 152;
*People v. Ogden,* 123 Ill.App.2d 46, 259 N.E.2d 361.) This is required by
our law so that a defendant can plead either former conviction or acquit-
tal if a second prosecution is brought for the same offense. *People v.
Flaherty,* 396 Ill. 304, 310, 71 N.E.2d 79; *People v. McClure,* 93 Ill.App.2d
450, 235 N.E.2d 677.

■■ Variances between allegations of a charge and evidence which
can affect a criminal trial are limited to differences between the pleading
of essential elements of a crime and the proof. (*People v. Sheehan,* 407
Ill. 545, 551, 95 N.E.2d 878; *People v. Jamison,* 92 Ill.App.2d 28, 235 N.E.
2d 849.) To vitiate a criminal trial, however, a variance must be material
and of such character that it misleads a defendant in the making of his
defense or exposes him to double jeopardy. (*People v. Adams,* 46 Ill.2d
200, 204, 263 N.E.2d 490; *People v. Figgers,* 23 Ill.2d 516, 179 N.E.2d
626.) The variance must result in substantial injury to a defendant either
by causing a jury to be misled or by hindering the defendant in the intel-
ligent presentation of his case. (*People v. Nelson,* 17 Ill.2d 509, 512, 162
N.E.2d 390.) Where property of another *is* involved, a variance between
allegations of ownership and proof is not fatal if evidence shows that
rights of possession and ownership of the property are in some person,
legal or natural, other than the defendant. (*People v. Henry,* 68 Ill.App.
2d 48, 51, 214 N.E.2d 550.) On this principle, our Supreme Court has
held that the variance was not fatal when defendant was charged with
breaking into the premises of the "Night Owl Bar-B-Q" and it was proved

that the property was owned by "Carol's Service Station Night Owl Bar-B-Q." (*People v. Allen,* 17 Ill.2d 55, 58, 160 N.E.2d 818.) This holding and many like it, recognize that if evidence proves ownership in someone other than the defendant, a variance in the owner's name is not material unless it appears that a jury was misled or that substantial injury was done to the accused. *People v. Callahan,* 324 Ill. 101, 154 N.E. 463; compare *People v. Palmer,* 4 Ill.App.3d 309, 280 N.E.2d 754.

■■ In the case before us, the indictment charged criminal damage to a fraternity house which in fact was the house of the fraternity in question. Neither defendants nor the jury was misled by proof that as to the house, possessory interests of the fraternity was in a corporation of a name different from the one alleged in the indictment. There is no showing that this proof subjected defendants to substantial injury or hindered them in the presentation of their case. It appears that the building in question did not belong to any of the defendants. It is certain that if a second prosecution were brought for the same offense, defendants can refer to the record of these proceedings to establish prior jeopardy. (See *People v. King,* 50 Ill.App.2d 421, 430, 200 N.E.2d 411.) Therefore, we conclude that the record does not show a fatal variance between allegations of the indictment and the proof concerning ownership of the property which was the subject of criminal damage. (See *People v. Van Hyning,* 72 Ill.App.2d 168, 219 N.E.2d 268.) Having so concluded, we will now decide whether, beyond a reasonable doubt, defendants were proven guilty of criminal damage to property.

Six witnesses, six photographs and two documents disclosed to the jury that on March 4, 1969 at approximately 8:30 P.M., a group of about 20 students, without authority, entered the Triangle fraternity house in Evanston, Illinois. Their entry was sudden. It was methodical. And immediately, the students began to break windows, dishes, chairs and lamps. Their destructive action was instantaneous. As described by witnesses, the students acted in unison. When their purpose was accomplished, they fled. All the destruction, according to the witnesses, was done in about two minutes. From this evidence it appears that the students were engaged in the common design of committing criminal damage to property in the fraternity house; that all in the group had knowledge of the common purpose and that each acted in furtherance of the venture. By its verdict, the jury found that these were the facts. And as to defendants, the jury heard testimony that Bristow and Trimble were seen by one witness committing some of the damage. The same witness saw the defendant Person leave the building when the students fled. Another witness saw Trimble acting in concert with members of the group.

No witness, however, was able to name the student or students who broke the thirteen windows or who did the particular damage shown by the photographic and documentary evidence. The State concedes that the record lacks this kind of direct proof. It argues, nonetheless, that because the evidence proved that defendants, with knowledge of the criminal purpose, were members of the group and acted in furtherance of the common design, they were accountable for any crime committed by any student in the group. The State relies on the principle that a person is legally accountable for the conduct of another when, "[e]ither before or during the commission of an offense, and with the intent to promote or facilitate such commission, he solicits, aids, abets, agrees or attempts to aid such other person in the planning or commission of the offense." (Ill. Rev. Stat. 1967, ch. 38, par. 5—2 (c).) It points out that the jury was instructed on the law of accountability. Therefore, it was not necessary that evidence prove defendants committed the damage alleged. It was enough that, beyond a reasonable doubt, it proved defendants aided, abetted, agreed or attempted to aid the other students in furtherance of the common purpose: commission of criminal damage to the fraternity house.

■■■ In our criminal law, it is well established that proof of a common purpose need not be supported by words of agreement but can be drawn from circumstances surrounding commission of an act by a group. (*People v. Johnson*, 35 Ill.2d 624, 626, 221 N.E.2d 662; *People v. Roldan*, 100 Ill.App.2d 81, 241 N.E.2d 591.) Evidence that a person voluntarily attached himself to a group bent on an illegal act, with knowledge that illegality is the design, supports an inference that he shared in the common purpose; and, under such circumstances, proof of that attachment will sustain his conviction as a principal for a crime committed in furtherance of the common venture. (*People v. Littleton*, 113 Ill.App.2d 185, 252 N.E.2d 77.) When these facts are shown, it is said that the act of one is the act of all. (*People v. Washington*, 26 Ill.2d 207, 209, 186 N.E.2d 259.) This is true even though the person accused did not actively participate in the overt act. *People v. Clark*, 30 Ill.2d 67, 72, 195 N.E.2d 157.

■■ These principles, when applied to this case, compel the conclusion that on March 4, 1969, defendants, with knowledge of a common design, voluntarily attached themselves to a group of students, who by their conduct, displayed that they were bent on the common purpose of committing criminal damage to the fraternity house of Triangle fraternity in Evanston, Illinois. With the intent to aid and abet the common purpose, defendants acted in furtherance of the venture. In our judgment, the evidence that proved these facts also proved, beyond a reasonable doubt,

that defendants were guilty of criminal damage to property. The judgment is affirmed. *People v. Thicksten,* 14 Ill.2d 132, 150 N.E.2d 813; compare *People v. Williams,* 104 Ill.App.2d 329, 244 N.E.2d 347; *People v. Gant,* 121 Ill.App.2d 222, 257 N.E.2d 181.

Judgment affirmed.

SCHWARTZ and McGLOON, JJ., concur.